**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
07/06/2023
CT Log Number 544221793

## Service of Process Transmittal Summary

**TO:**   KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:**   **Process Served in Georgia**

**FOR:**   WALMART INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: CARNES-VIEITEZ ALICIA // To: WALMART INC. |
| **DOCUMENT(S) SERVED:** | Entry of Service, Summons, Complaint |
| **COURT/AGENCY:** | Forsyth County Superior Court, GA<br>Case # 23CV10322 |
| **NATURE OF ACTION:** | Product Liability Litigation - Personal Injury - Coleman KT196, Serial No. LWGGCMLOXGA005512 |
| **PROCESS SERVED ON:** | The Corporation Company (FL), Cumming, GA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/06/2023 at 13:11 |
| **JURISDICTION SERVED:** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | David W. Griffeth<br>220 College Avenue, Suite 606<br>Athens, GA 30601<br>706-353-1360 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/07/2023, Expected Purge Date: 07/17/2023<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | The Corporation Company (FL)<br>106 Colony Park Drive STE 800-B<br>Cumming, GA 30040<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT



**CT Corporation**
**Service of Process Notification**
07/06/2023
CT Log Number 544221793

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT B



# PROCESS SERVER DELIVERY DETAILS

**Date:**                              Thu, Jul 6, 2023
**Server Name:**                       Drop Service

| Entity Served | WALMART INC. |
|---|---|
| Case Number | 23CV-1032-2 |
| Jurisdiction | GA |

| Inserts | | |
|---|---|---|
| | | |



**SHERIFF'S ENTRY OF SERVICE**

## SHERIFF'S ENTRY OF SERVICE

| | |
|---|---|
| Superior Court ☑ | Magistrate Court ☐ |
| State Court ☐ | Probate Court ☐ |
| Juvenile Court ☐ | |

Civil Action No. __23CV-1032-2__

Date Filed __06/28/2023__

Georgia, ____Forsyth____ COUNTY

Attorney's Address: J. Bryant Oliver and David W. Griffeth
220 College Ave., Ste. 606
Athens, GA 30601
jbryantoliverlaw@gmail.com
davidwgriffethlaw@gmail.com

**Alicia Carnes-Vieitez**

Plaintiff

VS.

Name and Address of Party to be Served:
**Walmart INC.**

**via The Corporation Company (FL)**

**106 Colony Park Dr., Ste. 800-B**

**Cumming, GA 30040-2974**
79

**Performance Powersports Group, Inc., et al.**

Defendant

Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐
I have this day served the defendant_____ personally with a copy of the within action and summons.

I have this day served the defendant_____by leaving a copy of the action and summons at his most notorious place of abode in this County.

**NOTORIOUS** ☐
Delivered same into hands of_____described as follows: age, about _____years; weight _____ pounds; height, about_____ feet and_____ inches, domiciled at the residence of defendant.

**CORPORATION** ☐
Served the defendant_____Walmart INC._____a corporation by leaving a copy of the within action and summons with __The Corporation Company (FL)__
in charge of the office and place of doing business of said Corporation in the County. *Dayvon Jackson*

**TACK & MAIL** ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐
Diligent search made and defendant_____ not to be found in the jurisdiction of this court.

This__6th__day of___July___, 20 _23_.

Forsyth County Sheriff's Office                    DEPUTY

SHERIFF DOCKET          PAGE                    WHITE-CLERK   CANARY-PLAINTIFF   PINK-DEFENDANT

EXHIBIT B

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
6/28/2023 7:45 PM
GREG G. ALLEN
CLERK OF THE SUPERIOR COURTS
23CV-1032-2
JUDGE DICKINSON, DAVID L.

# IN THE SUPERIOR COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ALICIA SHEA CARNES-VIEITEZ,<br>    Plaintiff,<br><br>vs.<br><br>PERFORMANCE POWERSPORTS GROUP,<br>INC. f/k/a RICH GODFREY & ASSOCIATES,<br>INC. d/b/a COLEMAN POWERSPORTS,<br>CHONGQING HUANSONG INDUSTRIES<br>(GROUP) CO., LTD., CHONGQING<br>HUANSONG SCIENCE AND TECHNOLOGY<br>INDUSTRIAL CO., LTD., HISUN MOTORS<br>CORP., USA, HISUN HOLDING GROUP<br>COMPANY, WAL-MART ASSOCIATES, INC.,<br>WAL-MART STORES EAST, LP<br>(DELAWARE), WALMART INC., WAL-MART<br>TRS, LLC, and WALMART CLAIMS<br>SERVICES, INC.,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said Court and serve upon plaintiff's attorneys, whose names and addresses are:

David W. Griffeth                              J. Bryant Oliver
220 College Avenue, Suite 606        220 College Avenue, Suite 612
Athens, GA 30601                            Athens, GA 30601
davidwgriffethlaw@gmail.com        jbryantoliverlaw@gmail.com

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

This \_\_\_28\_\_\_ day of \_\_\_\_June_____, 20\_\_23\_\_.

Honorable Greg G. Allen, Clerk of Superior Court
/s/ Maria Lamela

By_____(SEAL)
Deputy Clerk

To defendant upon whom this summons is served: This copy of complaint and summons was served upon you , _____, 20\_\_\_\_.

EXHIBIT B

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
6/28/2023 7:45 PM
GREG G. ALLEN
CLERK OF THE SUPERIOR COURTS
23CV-1032-2
JUDGE DICKINSON. DAVID L.

## IN THE SUPERIOR COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ALICIA CARNES-VIEITEZ,<br><br>    Plaintiff,<br><br>vs.<br><br>PERFORMANCE POWERSPORTS GROUP, INC. f/k/a RICH GODFREY & ASSOCIATES, INC. d/b/a COLEMAN POWERSPORTS, CHONGQING HUANSONG INDUSTRIES (GROUP) CO., LTD., CHONGQING HUANSONG SCIENCE AND TECHNOLOGY INDUSTRIAL CO., LTD., HISUN MOTORS CORP., USA, HISUN HOLDING GROUP COMPANY, WAL-MART ASSOCIATES, INC., WAL-MART STORES EAST, LP (DELAWARE), WALMART INC., WAL-MART TRS, LLC, and WALMART CLAIMS SERVICES, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

**COMES NOW**, Alicia Carnes-Vieitez ("Plaintiff"), by and through her undersigned

attorneys, and files this Complaint against Performance Powersports Group, Inc. f/k/a Rich

Godfrey & Associates, Inc. d/b/a Coleman Powersports ("PPG"), Chongqing Huansong

Industries (Group) Co., Ltd. ("Chongqing Industries"), Chongqing Huansong Science and

Technology Industrial Co., Ltd. ("Chongqing Industrial"), Hisun Motors Corp., USA ("Hisun

Motors"), Hisun Holding Group Company ("Hisun Holding"), Wal-Mart Associates, Inc.,

Wal-Mart Stores East, LP (Delaware), Walmart INC., Wal-Mart TRS, LLC, and Walmart Claims

Services, Inc. (hereinafter collectively "Wal-Mart Defendants"), and in support thereof shows

the court the following:

## JURISDICTION AND VENUE

1

1.

PPG is a foreign for-profit corporation organized and doing business under the laws of the State of Arizona with its principal office located at 1775 East University Drive, Tempe, AZ 85281.

2.

PPG may be served through its registered agent, InCorp Services, Inc., at 8825 N. 23rd Ave., Suite 100, Phoenix, AZ 85021 by second original by the Sheriff of Maricopa County, Arizona, his lawful deputy, or any other person authorized or appointed to serve civil process under the laws of the State of Arizona.

3.

Defendant PPG is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91, the Georgia Long Arm Statute, as it committed a tortious injury in Oconee County, Georgia caused by an act or omission outside the state of Georgia and it engages in a persistent course of conduct or derives a substantial revenue from goods used or consumed in the State of Georgia, as more fully set forth below.

4.

Further, Defendant PPG is subject to the jurisdiction of this Court because, at the time of the injury that is the subject of this action, it was engaged in regular, continuous, systematic business in Georgia, transacted substantial business in Georgia, had a regular plan for the distribution of its products in Georgia, and derived a substantial amount of revenue from sales of its products in Georgia.

EXHIBIT B

5.

Defendant Chongqing Industries is a foreign for-profit limited company organized and doing business under the laws of the People's Republic of China and doing business in the State of Georgia with its principal office located at Shiyan Industrial Park, Huayan Town, Jiulongpo District, Chongqing 40052.

6.

Defendant Chongqing Industries may be served through its registered agent in the state of Colorado, National Registered Agents, Inc. at 7700 E. Arapahoe Rd., Ste. 220, Centennial, CO 80112-1268 by the Sheriff of Arapahoe County, Colorado, his lawful deputy, or any other person authorized to serve civil process under the laws of the State of Colorado.

7.

Defendant Chongqing Industries may also be served through its United States subsidiaries or affiliates, Hisun Motors and/or Hisun Holding, through those companies' registered agents, Qing Dai and Jason Z. Sun, respectively, both at 310 E. University Drive, McKinney, TX 75069 by second original by the Sheriff of Collin County, Texas, his lawful deputy, or any other person authorized or appointed to serve civil process under the laws of the State of Texas.

8.

Defendant Chongqing Industries is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91, the Georgia Long Arm Statute, as it committed a tortious injury in Oconee County, Georgia caused by an act or omission outside the state of Georgia and it engages in a persistent course of conduct or derives a substantial revenue from goods used or consumed in the State of Georgia, as more fully set forth below.

3

**EXHIBIT B**

9.

Further, Defendant Chongqing Industries is subject to the jurisdiction of this Court because, at the time of the injury that is the subject of this action, it was engaged in regular, continuous, systematic business in Georgia, transacted substantial business in Georgia, had a regular plan for the distribution of its products in Georgia, and derived a substantial amount of revenue from sales of its products in Georgia.

10.

Defendant Chongqing Industrial is a foreign for-profit limited company organized and doing business under the laws of the People's Republic of China and doing business in the State of Georgia with its principal office located at No. 29 Qixin Avenue, Yanjia Subdistrict, Changshou District, Chongqing 401221.

11.

Upon information and belief, Defendant Chongqing Industrial is a wholly-owned subsidiary of Defendant Chongqing Industries.

12.

Defendant Chongqing Industrial may be served through the registered agent for Defendant Chongqing Industries in the state of Colorado, National Registered Agents, Inc. at 7700 E. Arapahoe Rd., Ste. 220, Centennial, CO 80112-1268 by the Sheriff of Arapaho County, Colorado, his lawful deputy, or any other person authorized to serve civil process under the laws of the State of Colorado.

13.

Defendant Chongqing Industrial may also be served through the United States subsidiaries or affiliates of Defendant Chongqing Industries, Hisun Motors and/or Hisun

4

EXHIBIT B

Holding, through those companies' registered agents, Qing Dai and Jason Z. Sun, respectively, both at 310 E. University Drive, McKinney, TX 75069 by second original by the Sheriff of Collin County, Texas, his lawful deputy, or any other person authorized or appointed to serve civil process under the laws of the State of Texas.

14.

Defendant Chongqing Industrial is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91, the Georgia Long Arm Statute, as it committed a tortious injury in Oconee County, Georgia caused by an act or omission outside the state of Georgia and it engages in a persistent course of conduct or derives a substantial revenue from goods used or consumed in the State of Georgia, as more fully set forth below.

15.

Further, Defendant Chongqing Industrial is subject to the jurisdiction of this Court because, at the time of the injury that is the subject of this action, it was engaged in regular, continuous, systematic business in Georgia, transacted substantial business in Georgia, had a regular plan for the distribution of its products in Georgia, and derived a substantial amount of revenue from sales of its products in Georgia.

16.

Defendant Hisun Motors is a foreign for-profit corporation organized and doing business under the laws of the State of Texas with its principal office located at 310 E. University Drive, McKinney, TX 75069.

17.

Service may be made upon Defendant Hisun Motors via its registered agent, Qing Dai, at 310 E. University Drive, McKinney, TX 75069 by second original by the Sheriff of Collin

**EXHIBIT B**

County, Texas, his lawful deputy, or any other person authorized or appointed to serve civil process under the laws of the State of Texas.

18.

Upon information and belief, Defendant Hisun Motors is a wholly-owned subsidiary of Defendant Chongqing Industries.

19.

Defendant Hisun Motors is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91, the Georgia Long Arm Statute, as it committed a tortious injury in Oconee County, Georgia caused by an act or omission outside the state of Georgia and it engages in a persistent course of conduct or derives a substantial revenue from goods used or consumed in the State of Georgia, as more fully set forth below.

20.

Further, Defendant Hisun Motors is subject to the jurisdiction of this Court because, at the time of the injury that is the subject of this action, it was engaged in regular, continuous, systematic business in Georgia, transacted substantial business in Georgia, had a regular plan for the distribution of its products in Georgia, and derived a substantial amount of revenue from sales of its products in Georgia.

21.

Defendant Hisun Holding is a foreign for-profit company organized and doing business under the laws of the State of Texas with its principal office located at 310 E. University Drive, McKinney, TX 75069.

6

22.

Service may be made upon Defendant Hisun Holding via its registered agent, Jason Z. Sun, at 310 E. University Drive, McKinney, TX 75069 by second original by the Sheriff of Collin County, Texas, his lawful deputy, or any other person authorized or appointed to serve civil process under the laws of the State of Texas.

23.

Upon information and belief, Defendant Hisun Holding is a wholly-owned subsidiary of Defendant Chongqing Industries.

24.

Defendant Hisun Holding is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91, the Georgia Long Arm Statute, as it committed a tortious injury in Oconee County, Georgia caused by an act or omission outside the state of Georgia and it engages in a persistent course of conduct or derives a substantial revenue from goods used or consumed in the State of Georgia, as more fully set forth below.

25.

Further, Hisun Holding is subject to the jurisdiction of this Court because, at the time of the injury that is the subject of this action, it was engaged in regular, continuous, systematic business in Georgia, transacted substantial business in Georgia, had a regular plan for the distribution of its products in Georgia, and derived a substantial amount of revenue from sales of its products in Georgia.

7

EXHIBIT B

26.

Defendant Wal-Mart Associates, Inc. is a foreign profit corporation organized and existing under the laws of the State of Delaware with its principal office located at 702 SW 8th Street, Bentonville, AR 72716.

27.

Defendant Wal-Mart Stores East, LP (Delaware) is a foreign limited partnership organized and existing under the laws of the State of Delaware with its principal office located at 702 SW 8th Street, Bentonville, AR 72716.

28.

Defendant Wal-Mart INC. is a foreign profit corporation organized and existing under the laws of the State of Delaware with its principal office located at 702 SW 8th Street, Bentonville, AR 72716.

29.

Defendant Wal-Mart TRS, LLC is a foreign limited liability company organized and existing under the laws of the State of Delaware with its principal office located at 702 SW 8th Street, Bentonville, AR 72716.

30.

Defendant Walmart Claims Services, Inc. is a foreign profit corporation organized and existing under the laws of the State of Arkansas with its principal office located at 702 SW 8th Street, Bentonville, AR 72716.

EXHIBIT B

31.

Each of the Wal-Mart Defendants may be served through its registered agent in the State of Georgia, The Corporation Company (FL) at 106 Colony Park Drive, Ste. 800-B, Cumming, GA 30040-2794.

32.

Each of the Wal-Mart Defendants is subject to the jurisdiction of this Court as they are each registered to do business in the State of Georgia.

33.

All of the Defendants are joint tort-feasors as their independent or concerted negligent acts combined to produce a single, indivisible injury to the Plaintiff, as more fully set forth below, and they are subject to the jurisdiction of the Court.

34.

Jurisdiction and venue are proper in this Court.

## FACTS

35.

Paragraphs 1-34 are incorporated herein by reference.

36.

The injury on which this action is based occurred in Oconee County, Georgia.

37.

Plaintiff is, and at all times mentioned in this action was, a resident of Oconee County, Georgia.

EXHIBIT B

38.

Plaintiff is informed and believes, and based on that alleges, that Defendant PPG designed, manufactured, assembled, marketed and distributed the Coleman KT196, Serial No. LWGGCML0XGA005512 (hereinafter the "Go-Kart") which was involved in the accident that is the subject of this lawsuit.

39.

Defendant PPG is in the business of designing, manufacturing, marketing, distributing, assembling, maintaining, repairing, and selling the Go-Kart and similar vehicles in the State of Georgia.

40.

Plaintiff is informed and believes, and based on that alleges, that Defendant PPG intended for its products, including the Go-Kart, to be sold and used in the state of Georgia, had a regular plan for distribution of its products, including the Go-Kart, in the state of Georgia, and derived a substantial amount of revenue from the sale of its products in the state of Georgia.

41.

Plaintiff is informed and believes, and based on that alleges, that Defendant Chongqing Industries designed, manufactured, assembled, marketed and distributed the Go-Kart.

42.

Defendant Chongqing Industries is in the business of designing, manufacturing, marketing, distributing, assembling, maintaining, repairing, and selling the Go-Kart and similar vehicles in the State of Georgia.

10

EXHIBIT B

43.

Plaintiff is informed and believes, and based on that alleges, that Defendant Chongqing Industries intended for its products, including the Go-Kart, to be sold and used in the state of Georgia, had a regular plan for distribution of its products, including the Go-Kart, in the state of Georgia, and derived a substantial amount of revenue from the sale of its products, including the Go-Kart, in the state of Georgia.

44.

Plaintiff is informed and believes, and based on that alleges, that Defendant Chongqing Industrial designed, manufactured, assembled, marketed and distributed the Go-Kart.

45.

Defendant Chongqing Industrial is in the business of designing, manufacturing, marketing, distributing, assembling, maintaining, repairing, and selling the Go-Kart and similar vehicles in the State of Georgia.

46.

Plaintiff is informed and believes, and based on that alleges, that Defendant Chongqing Industrial intended for its products, including the Go-Kart, to be sold and used in the state of Georgia, had a regular plan for distribution of its products, including the Go-Kart, in the state of Georgia, and derived a substantial amount of revenue from the sale of its products, including the Go-Kart, in the state of Georgia.

47.

Plaintiff is informed and believes, and based on that alleges, that Defendants Hisun Motors and Hisun Holding designed, manufactured, assembled, marketed and distributed the Go-Kart.

11

48

Defendants Hisun Motors and Hisun Holding are in the business of designing, manufacturing, marketing, distributing, assembling, maintaining, repairing, and selling the Go-Kart and similar vehicles in the State of Georgia.

49.

Plaintiff is informed and believes, and based on that alleges, that Defendants Hisun Motors and Hisun Holding are the U.S.-based subsidiaries or affiliates of Defendant Chongqing Industries and/or Defendant Chongqing Industrial and carry those Defendants' U.S. business operations, such as overseeing importation of products and arranging shipments to U.S. distributors on behalf of Defendant Chongqing Industries and/or Defendant Chongqing Industrial.

50.

Plaintiff is informed and believes, and based on that alleges, that Defendant Hisun Motors and/or Defendant Hisun Holding facilitated the distribution and marketing of Defendant Chongqing Industries and Defendant Chongqing Industrial's products in the state of Georgia, had a regular plan for the distribution of Defendant Chongqing Industries and Defendant Chongqing Industrial's products, including the Go-Kart, in the state of Georgia, and derived a substantial amount of revenue from the sale of Defendant Chongqing Industries and Defendant Chongqing Industrial's products, including the Go-Kart, in the state of Georgia.

51.

Plaintiff is informed and believes, and based on that alleges, that Defendants Hisun Motors and/or Hisun Holding intended for their products, including the Go-Kart, to be sold and used in the state of Georgia, had a regular plan for distribution of their products, including the

Go-Kart, in the state of Georgia, and derived a substantial amount of revenue from the sale of their products, including the Go-Kart, in the state of Georgia.

52.

The Wal-Mart Defendants, or some of them, purchased the Go-Kart, and other similar products, for sale directly to consumers, and distributed, marketed, advertised, offered for sale, and actually sold the Go-Kart and other similar products.

53.

The Wal-Mart Defendants, or some of them, are in the business of marketing, advertising, distributing, offering for sale, and selling the Go-Kart and other similar products.

54.

All the Defendants either knew or should have known that the Go-Kart was defective at the time it was sold and prior to the accident that gave rise to the Plaintiff's injuries set out below.

55.

Despite their advance knowledge, all of the Defendants negligently failed to warn of the hazards presented by the defective Go-Kart, recall the Go-Kart, cease marketing the Go-Kart, and cease selling the Go-Kart.

56.

On or about December 19, 2016, the Go-Kart was purchased at a Walmart store located at 1911 Epps Bridge Pkwy, Athens, GA 30606.

57.

On or about February 18, 2018, Plaintiff was operating the Go-Kart in an off-road area in Oconee County, Georgia.

13

58.

The Go-Kart was intended to be used and operated in off-road areas such as the place where the accident occurred and was being used in a foreseeable fashion when the accident occurred.

59.

On or about February 18, 2018, the front left steering assembly of the Go-Kart failed as the Go-Kart was being operated by Plaintiff, causing Plaintiff to lose control of the Go-Kart.

60.

As a direct and proximate result of the failure of the steering assembly, Plaintiff lost control of the Go-Kart and it rolled over three times breaking her left arm and pinning her inside the Go-Kart.

61.

As the Go-Kart rolled, the brush guard assembly failed and pinned Plaintiff inside the Go-Kart so that she could not escape, which failure required that the Go-Kart be disassembled by emergency personnel so that Plaintiff could be transported to the hospital.

62.

As a direct and proximate result of the failure of the brush guard assembly, Plaintiff suffered additional injuries, damages, pain and suffering, and disability resulting from her being pinned inside the Go-Kart.

63.

As a direct and proximate result of the crash described above, Plaintiff suffered a left distal humerus fracture, as well as nerve damage to her left leg and foot, abrasions and other injuries to her body.

64.

On or about February 19, 2018, Plaintiff received surgical intervention to repair her left

distal humerus fracture at Piedmont Athens Regional Medical Center located at 1199 Prince Ave,

Athens, GA 30606.

65.

Plaintiff underwent a subsequent surgery to her left arm in November of 2018 at

Piedmont Athens Regional Medical Center located at 1199 Prince Ave, Athens, GA 30606.

66.

From approximately March 13, 2018 to approximately December 9, 2019, Plaintiff

received post-surgical and follow-up therapy and treatment from Piedmont Athens Regional

Medical Center and other providers on numerous occasions.

67.

As a direct and proximate result of the injuries she sustained caused by the defective

Go-Kart, Plaintiff incurred medical expenses in the following amounts (not by way of

limitation):

1. Piedmont Athens Regional Medical Center - Emergency room admission; surgical

   intervention and pre-/post-operative care - $93,757.01

2. Piedmont Athens Regional Medical Center - Post-surgical and follow-up therapy and

   treatment from 3/13/2018-12/09-2019 - $74,833.54

3. Medical Center Anesthesiology of Athens - $2,002.00

4. Athens Radiology Associates, P.C. - $263.00

5. Athens Orthopedic Clinic - $7,531.00

6. National EMS - $933.20

EXHIBIT B

7. Georgia Emergency Medicine SPC - $1,008.50

68.

As a direct and proximate result of the crash described above, Plaintiff received plates and screws in her left elbow, underwent a second surgery to remove scar tissue, and for other purposes, suffered severe nerve damage to her left arm, and suffered severe nerve damage and loss of sensation in her left leg and foot.

69.

As a further direct and proximate result of the crash described above, Plaintiff was homebound for approximately two months during which time she was unable to attend school and extracurricular activities and engage in other activities in which she could engage prior to the crash.

70.

As a further direct and proximate result of the crash described above, Plaintiff underwent approximately thirteen months of physical and occupational therapy owing to which she missed school and extracurricular activities and was otherwise unable to participate in the activities in which she participated prior to the crash.

71.

As a further direct and proximate result of the crash described above, Plaintiff was hurt and injured in her health, strength and activity and sustained injury to her body and shock and injury to her nervous system, causing her physical, mental and nervous pain and suffering, all to her general damage in a sum within the Court's jurisdiction.

16

72.

Said physical and mental pain and suffering continues to this day and will continue for the remainder of Plaintiff's life.

73.

As a further direct and proximate result of the above, Plaintiff has experienced significant loss of enjoyment of life, ongoing pain and suffering, and disability that interferes with her day-to-day activities on an ongoing basis

74.

Plaintiff was not negligent in any manner.

## COUNT I-STRICT LIABILITY

75.

Paragraphs 1-74 are incorporated herein by reference.

76.

Defendant Chongqing Industries, Defendant Chongqing Industrial, Defendant PPG, Defendant Hisun Motors, and/or Defendant Hisun Holding manufactured the Go-Kart, which was sold as new through some or all of the Defendants.

77.

Plaintiff, a natural person, used the Go-Kart in the normal, foreseeable fashion and for the purposes for which the Go-Kart was intended, namely, off-road riding and suffered injuries when the steering assembly and brush guard assembly failed in the manner described above.

78.

Due to the faulty steering assembly and brush guard assembly, the Go-Kart, when sold by Defendants Chongqing Industries, Chongqing Industrial, PPG, Hisun Motors and/or Hisun

17

Holding, was not merchantable and reasonably suited to the use intended, and its condition when sold, including the faulty steering assembly and brush guard assembly, was the proximate cause of the injuries sustained by Plaintiff.

## COUNT II-NEGLIGENCE

79.

Paragraphs 1-78 are incorporated herein by reference.

80.

Defendants Chongqing Industries, Chongqing Industrial, PPG, Hisun Motors, and Hisun Holding were under a duty to exercise reasonable care in designing, manufacturing, assembling, and distributing the Go-Kart and in ensuring that all necessary warnings regarding the Go-Kart's dangerous propensities, dangerous handling characteristics, and defective parts were included with the Go-Kart.

81.

Defendants Chongqing Industries, Chongqing Industrial, PPG, Hisun Motors, and/or Hisun Holding failed to exercise reasonable care in designing, manufacturing, assembling, and distributing the Go-Kart and in ensuring that all necessary warnings regarding the Go-Kart's dangerous propensities, dangerous handling characteristics, and defective parts were included with the Go-Kart.

82.

At the time the Go-Kart was designed, manufactured, assembled, marketed and distributed, it was defective with respect to the design of its front left steering assembly and handling characteristics leaving the steering assembly likely to fail and cause the Go-Kart to

EXHIBIT B

become uncontrollable. It was further defective and unsafe for its intended purpose, in that it failed to provide adequate warnings and instructions to the users of the vehicle.

83.

At the time the Go-Kart was designed, manufactured, assembled, marketed and distributed, it was defective with respect to the design of its brush guard assembly leaving the brush guard assembly likely to fail and cause injuries to occupants of the Go-Kart in the event of a roll-over accident such as occurred in the case *sub judice*.

84.

Plaintiff is informed and believes, and on that information and belief alleges, that there may be other as yet undiscovered defects in the Go-Kart that, together or individually, proximately caused or contributed to the accident, injuries and damages described in this complaint.

85.

On or about February 18, 2018, as a direct and proximate result of the above defects and negligence, the Go-Kart failed and malfunctioned while being used and operated in a foreseeable fashion causing the accident, injuries and damages to Plaintiff as described in this complaint.

## COUNT III - NEGLIGENCE

86.

Paragraphs 1-85 are incorporated herein by reference.

87.

Prior to the sale of the Go-Kart, all the Defendants knew or should have known that the Go-Kart was defective and that the steering assembly and brush guard assembly were likely to

19

EXHIBIT B

fail in the manners described above and cause injuries to the occupants of the Go-Kart such as the injuries suffered by Plaintiff.

88.

Prior to the accident described above, all the Defendants knew or should have known that the Go-Kart was defective and that the steering assembly and brush guard assembly were likely to fail in the manners described above and cause injuries to the occupants of the Go-Kart such as the injuries suffered by Plaintiff.

89.

Both before the sale of the Go-Kart and before the accident described above, all the Defendants were under a duty to warn of the dangerous defects, recall the Go-Kart, cease marketing the Go-Kart, and cease selling the Go-Kart.

90.

Despite their advance knowledge, all the Defendants negligently failed to warn of the dangerous defects, recall the Go-Kart, cease marketing the Go-Kart, and cease selling the Go-Kart.

91.

As a direct and proximate result of the Defendants' failures to warn of the dangerous defects, recall the Go-Kart, cease marketing the Go-Kart, and cease selling the Go-Kart, Plaintiff was unaware of and unnecessarily exposed to the hazards presented by the defective parts and was injured when the parts failed.

## DAMAGES

20

92.

Paragraphs 1-91 are incorporated herein by reference.

93.

To date, Plaintiff has incurred significant damages caused by the incident herein including past, present and future pain and suffering, loss of enjoyment of life, ongoing medical expenses, and disability in amounts to be proved at trial.

94.

Plaintiff suffers from continued limited use of her left arm, substantial pain in her left arm and left foot and leg, and continued disability, and will continue to suffer same for the remainder of her life.

95.

As a direct and proximate result of Defendants' actions, Defendants are indebted to Plaintiff for her past, present, and future medical bills, pain and suffering, disability, and lost earnings.

96.

Plaintiff will set forth by amendment the medical expenses incurred for her November 2018 surgical procedure and all other necessary expenses, including physical therapy and rehabilitation.

**WHEREFORE**, Plaintiff prays for the following relief:

    (a) That she have judgment against Defendants for an amount to be proved at trial for reasonable and necessary past, present, and future medical expenses and costs in an amount to be determined in accordance with the enlightened conscience of the jury;

    (b) That she have judgment against Defendants for a just and equitable sum that will fairly and adequately compensate Plaintiff for the past, present, and future loss and damages Plaintiff has sustained and will sustain and for pain and suffering, loss of enjoyment of life, and disability, as provided by law, in an amount of not less than $750,000.00;

(c) That costs be cast against Defendants;

(d) That she have a trial by jury on all issues so triable; and

(e) That this Court order such further relief as it deems just and proper.


/s/ David W. Griffeth
David W. Griffeth
State Bar No. 310600
Attorney for Plaintiff
davidwgriffethlaw@gmail.com

/s/ J. Bryant Oliver
J. Bryant Oliver
State Bar No. 189766
Attorney for Plaintiff
jbryantoliverlaw@gmail.com


220 College Avenue, Suite 606
Athens, Georgia 30601
(706) 353-1360

EXHIBIT B

**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
07/06/2023
CT Log Number 544222582

## Service of Process Transmittal Summary

**TO:**    KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:**    **Process Served in Georgia**

**FOR:**   Wal-Mart TRS, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: VIEITEZ ALICIA SHEA CARNES // To: Wal-Mart TRS, LLC |
| **DOCUMENT(S) SERVED:** | Entry of Service, Summons, Complaint |
| **COURT/AGENCY:** | Forsyth County Superior Court, GA<br>Case # 23CV10322 |
| **NATURE OF ACTION:** | Product Liability Litigation - Personal Injury - Coleman KT196, Serial No.<br>LWGGCMLOXGA005512 |
| **PROCESS SERVED ON:** | The Corporation Company (FL), Cumming, GA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/06/2023 at 13:25 |
| **JURISDICTION SERVED:** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service (Document(s) may contain<br>additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | David W. Griffeth<br>220 College Avenue, Suite 606<br>Athens, GA 30601<br>706-353-1360 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/07/2023, Expected Purge Date:<br>07/17/2023<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | The Corporation Company (FL)<br>106 Colony Park Drive STE 800-B<br>Cumming, GA 30040<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion,
and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other
information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the
included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT

EXHIBIT B



disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT B



# PROCESS SERVER DELIVERY DETAILS

**Date:**                             Thu, Jul 6, 2023
**Server Name:**                      Drop Service

| Entity Served | WAL-MART TRS, LLC |
|---|---|
| Case Number | 23CV-1032-2 |
| Jurisdiction | GA |

| Inserts | | |
|---|---|---|
| | | |



EXHIBIT B

## SHERIFF'S ENTRY OF SERVICE

**SHERIFF'S ENTRY OF SERVICE**

| | |
|---|---|
| Civil Action No. 23CV-1032-2 | Superior Court ☑  Magistrate Court ☐ |
| | State Court ☐  Probate Court ☐ |
| | Juvenile Court ☐ |
| Date Filed 06/28/2023 | Georgia, **Forsyth** COUNTY |

Attorney's Address
J. Bryant Oliver and
David W. Griffeth
220 College Ave., Ste. 606
Athens, GA 30601
jbryantoliverlaw@gmail.com
davidwgriffethlaw@gmail.com

Name and Address of Party to be Served.
Wal-Mart TRS, LLC

via The Corporation Company (FL)

106 Colony Park Dr., Ste. 800-B

Cumming, GA 30040-2974
  79

**Alicia Carnes-Vieitez**

_____

_____
Plaintiff

VS.

**Performance Powersports Group, Inc., et al.**
Defendant

_____

_____

_____
Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐
I have this day served the defendant_____personally with a copy of the within action and summons.

**NOTORIOUS**
I have this day served the defendant_____by leaving a copy of the action and summons at his most notorious place of abode in this County.

☐ Delivered same into hands of_____described as follows:
age, about _____years; weight _____ pounds; height, about_____ feet and_____ inches, domiciled at the residence of defendant.

**CORPORATION** ☒
Served the defendant_____Wal-Mart TRS, LLC_____a corporation by leaving a copy of the within action and summons with ___The Corporation Company (FL)___
in charge of the office and place of doing business of said Corporation in the County. Dayron Jackson

**TACK & MAIL** ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant_____
not to be found in the jurisdiction of this court.

This 6th day of July, 20 23.

_____
Forsyth County Sheriff's Office                                DEPUTY

SHERIFF DOCKET          PAGE                    WHITE-CLERK   CANARY-PLAINTIFF   PINK-DEFENDANT

EXHIBIT B

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
6/28/2023 7:45 PM
GREG G. ALLEN
CLERK OF THE SUPERIOR COURTS
23CV-1032-2
JUDGE DICKINSON, DAVID L.

## IN THE SUPERIOR COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ALICIA SHEA CARNES-VIEITEZ,<br>    Plaintiff,<br><br>vs.<br><br>PERFORMANCE POWERSPORTS GROUP,<br>INC. f/k/a RICH GODFREY & ASSOCIATES,<br>INC. d/b/a COLEMAN POWERSPORTS,<br>CHONGQING HUANSONG INDUSTRIES<br>(GROUP) CO., LTD., CHONGQING<br>HUANSONG SCIENCE AND TECHNOLOGY<br>INDUSTRIAL CO., LTD., HISUN MOTORS<br>CORP., USA, HISUN HOLDING GROUP<br>COMPANY, WAL-MART ASSOCIATES, INC.,<br>WAL-MART STORES EAST, LP<br>(DELAWARE), WALMART INC., WAL-MART<br>TRS, LLC, and WALMART CLAIMS<br>SERVICES, INC.,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said Court and serve upon plaintiff's attorneys, whose names and addresses are:

David W. Griffeth              J. Bryant Oliver
220 College Avenue, Suite 606     220 College Avenue, Suite 612
Athens, GA 30601            Athens, GA 30601
davidwgriffethlaw@gmail.com    jbryantoliverlaw@gmail.com

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

This __28__ day of _____June_____ , 20 _23_ .

Honorable Greg G. Allen, Clerk of Superior Court

/s/ Maria Lamela

By_____(SEAL)

Deputy Clerk

To defendant upon whom this summons is served: This copy of complaint and summons was served upon you , _____, 20____ .

EXHIBIT B

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
6/28/2023 7:45 PM
GREG G. ALLEN
CLERK OF THE SUPERIOR COURTS
23CV-1032-2
JUDGE DICKINSON, DAVID L.

## IN THE SUPERIOR COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ALICIA CARNES-VIEITEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| PERFORMANCE POWERSPORTS GROUP, | ) |
| INC. f/k/a RICH GODFREY & ASSOCIATES, | ) |
| INC. d/b/a COLEMAN POWERSPORTS, | ) |
| CHONGQING HUANSONG INDUSTRIES | ) Civil Action No. _____ |
| (GROUP) CO., LTD., CHONGQING | ) |
| HUANSONG SCIENCE AND TECHNOLOGY | ) |
| INDUSTRIAL CO., LTD., HISUN MOTORS | ) |
| CORP., USA, HISUN HOLDING GROUP | ) |
| COMPANY, WAL-MART ASSOCIATES, INC., | ) |
| WAL-MART STORES EAST, LP | ) |
| (DELAWARE), WALMART INC., WAL-MART | ) |
| TRS, LLC, and WALMART CLAIMS | ) |
| SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

**COMES NOW**, Alicia Carnes-Vieitez ("Plaintiff"), by and through her undersigned

attorneys, and files this Complaint against Performance Powersports Group, Inc. f/k/a Rich

Godfrey & Associates, Inc. d/b/a Coleman Powersports ("PPG"), Chongqing Huansong

Industries (Group) Co., Ltd. ("Chongqing Industries"), Chongqing Huansong Science and

Technology Industrial Co., Ltd. ("Chongqing Industrial"), Hisun Motors Corp., USA ("Hisun

Motors"), Hisun Holding Group Company ("Hisun Holding"), Wal-Mart Associates, Inc.,

Wal-Mart Stores East, LP (Delaware), Walmart INC., Wal-Mart TRS, LLC, and Walmart Claims

Services, Inc. (hereinafter collectively "Wal-Mart Defendants"), and in support thereof shows

the court the following:

## JURISDICTION AND VENUE

1

1.

PPG is a foreign for-profit corporation organized and doing business under the laws of the State of Arizona with its principal office located at 1775 East University Drive, Tempe, AZ 85281.

2.

PPG may be served through its registered agent, InCorp Services, Inc., at 8825 N. 23rd Ave., Suite 100, Phoenix, AZ 85021 by second original by the Sheriff of Maricopa County, Arizona, his lawful deputy, or any other person authorized or appointed to serve civil process under the laws of the State of Arizona.

3.

Defendant PPG is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91, the Georgia Long Arm Statute, as it committed a tortious injury in Oconee County, Georgia caused by an act or omission outside the state of Georgia and it engages in a persistent course of conduct or derives a substantial revenue from goods used or consumed in the State of Georgia, as more fully set forth below.

4.

Further, Defendant PPG is subject to the jurisdiction of this Court because, at the time of the injury that is the subject of this action, it was engaged in regular, continuous, systematic business in Georgia, transacted substantial business in Georgia, had a regular plan for the distribution of its products in Georgia, and derived a substantial amount of revenue from sales of its products in Georgia.

5.

Defendant Chongqing Industries is a foreign for-profit limited company organized and doing business under the laws of the People's Republic of China and doing business in the State of Georgia with its principal office located at Shiyan Industrial Park, Huayan Town, Jiulongpo District, Chongqing 40052.

6.

Defendant Chongqing Industries may be served through its registered agent in the state of Colorado, National Registered Agents, Inc. at 7700 E. Arapahoe Rd., Ste. 220, Centennial, CO 80112-1268 by the Sheriff of Arapahoe County, Colorado, his lawful deputy, or any other person authorized to serve civil process under the laws of the State of Colorado.

7.

Defendant Chongqing Industries may also be served through its United States subsidiaries or affiliates, Hisun Motors and/or Hisun Holding, through those companies' registered agents, Qing Dai and Jason Z. Sun, respectively, both at 310 E. University Drive, McKinney, TX 75069 by second original by the Sheriff of Collin County, Texas, his lawful deputy, or any other person authorized or appointed to serve civil process under the laws of the State of Texas.

8.

Defendant Chongqing Industries is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91, the Georgia Long Arm Statute, as it committed a tortious injury in Oconee County, Georgia caused by an act or omission outside the state of Georgia and it engages in a persistent course of conduct or derives a substantial revenue from goods used or consumed in the State of Georgia, as more fully set forth below.

EXHIBIT B

9.

Further, Defendant Chongqing Industries is subject to the jurisdiction of this Court
because, at the time of the injury that is the subject of this action, it was engaged in regular,
continuous, systematic business in Georgia, transacted substantial business in Georgia, had a
regular plan for the distribution of its products in Georgia, and derived a substantial amount of
revenue from sales of its products in Georgia.

10.

Defendant Chongqing Industrial is a foreign for-profit limited company organized and
doing business under the laws of the People's Republic of China and doing business in the State
of Georgia with its principal office located at No. 29 Qixin Avenue, Yanjia Subdistrict,
Changshou District, Chongqing 401221.

11.

Upon information and belief, Defendant Chongqing Industrial is a wholly-owned
subsidiary of Defendant Chongqing Industries.

12.

Defendant Chongqing Industrial may be served through the registered agent for
Defendant Chongqing Industries in the state of Colorado, National Registered Agents, Inc. at
7700 E. Arapahoe Rd., Ste. 220, Centennial, CO 80112-1268 by the Sheriff of Arapaho County,
Colorado, his lawful deputy, or any other person authorized to serve civil process under the laws
of the State of Colorado.

13.

Defendant Chongqing Industrial  may also be served through the United States
subsidiaries or affiliates of Defendant Chongqing Industries, Hisun Motors and/or Hisun

4

Holding, through those companies' registered agents, Qing Dai and Jason Z. Sun, respectively, both at 310 E. University Drive, McKinney, TX 75069 by second original by the Sheriff of Collin County, Texas, his lawful deputy, or any other person authorized or appointed to serve civil process under the laws of the State of Texas.

14.

Defendant Chongqing Industrial is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91, the Georgia Long Arm Statute, as it committed a tortious injury in Oconee County, Georgia caused by an act or omission outside the state of Georgia and it engages in a persistent course of conduct or derives a substantial revenue from goods used or consumed in the State of Georgia, as more fully set forth below.

15.

Further, Defendant Chongqing Industrial is subject to the jurisdiction of this Court because, at the time of the injury that is the subject of this action, it was engaged in regular, continuous, systematic business in Georgia, transacted substantial business in Georgia, had a regular plan for the distribution of its products in Georgia, and derived a substantial amount of revenue from sales of its products in Georgia.

16.

Defendant Hisun Motors is a foreign for-profit corporation organized and doing business under the laws of the State of Texas with its principal office located at 310 E. University Drive, McKinney, TX 75069.

17.

Service may be made upon Defendant Hisun Motors via its registered agent, Qing Dai, at 310 E. University Drive, McKinney, TX 75069 by second original by the Sheriff of Collin

5

County, Texas, his lawful deputy, or any other person authorized or appointed to serve civil process under the laws of the State of Texas.

18.

Upon information and belief, Defendant Hisun Motors is a wholly-owned subsidiary of Defendant Chongqing Industries.

19.

Defendant Hisun Motors is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91, the Georgia Long Arm Statute, as it committed a tortious injury in Oconee County, Georgia caused by an act or omission outside the state of Georgia and it engages in a persistent course of conduct or derives a substantial revenue from goods used or consumed in the State of Georgia, as more fully set forth below.

20.

Further, Defendant Hisun Motors is subject to the jurisdiction of this Court because, at the time of the injury that is the subject of this action, it was engaged in regular, continuous, systematic business in Georgia, transacted substantial business in Georgia, had a regular plan for the distribution of its products in Georgia, and derived a substantial amount of revenue from sales of its products in Georgia.

21.

Defendant Hisun Holding is a foreign for-profit company organized and doing business under the laws of the State of Texas with its principal office located at 310 E. University Drive, McKinney, TX 75069.

6

EXHIBIT B

22.

Service may be made upon Defendant Hisun Holding via its registered agent, Jason Z. Sun, at 310 E. University Drive, McKinney, TX 75069 by second original by the Sheriff of Collin County, Texas, his lawful deputy, or any other person authorized or appointed to serve civil process under the laws of the State of Texas.

23.

Upon information and belief, Defendant Hisun Holding is a wholly-owned subsidiary of Defendant Chongqing Industries.

24.

Defendant Hisun Holding is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91, the Georgia Long Arm Statute, as it committed a tortious injury in Oconee County, Georgia caused by an act or omission outside the state of Georgia and it engages in a persistent course of conduct or derives a substantial revenue from goods used or consumed in the State of Georgia, as more fully set forth below.

25.

Further, Hisun Holding is subject to the jurisdiction of this Court because, at the time of the injury that is the subject of this action, it was engaged in regular, continuous, systematic business in Georgia, transacted substantial business in Georgia, had a regular plan for the distribution of its products in Georgia, and derived a substantial amount of revenue from sales of its products in Georgia.

7

EXHIBIT B

26.

Defendant Wal-Mart Associates, Inc. is a foreign profit corporation organized and existing under the laws of the State of Delaware with its principal office located at 702 SW 8th Street, Bentonville, AR 72716.

27.

Defendant Wal-Mart Stores East, LP (Delaware) is a foreign limited partnership organized and existing under the laws of the State of Delaware with its principal office located at 702 SW 8th Street, Bentonville, AR 72716.

28.

Defendant Wal-Mart INC. is a foreign profit corporation organized and existing under the laws of the State of Delaware with its principal office located at 702 SW 8th Street, Bentonville, AR 72716.

29.

Defendant Wal-Mart TRS, LLC is a foreign limited liability company organized and existing under the laws of the State of Delaware with its principal office located at 702 SW 8th Street, Bentonville, AR 72716.

30.

Defendant Walmart Claims Services, Inc. is a foreign profit corporation organized and existing under the laws of the State of Arkansas with its principal office located at 702 SW 8th Street, Bentonville, AR 72716.

8

EXHIBIT B

31.

Each of the Wal-Mart Defendants may be served through its registered agent in the State of Georgia, The Corporation Company (FL) at 106 Colony Park Drive, Ste. 800-B, Cumming, GA 30040-2794.

32.

Each of the Wal-Mart Defendants is subject to the jurisdiction of this Court as they are each registered to do business in the State of Georgia.

33.

All of the Defendants are joint tort-feasors as their independent or concerted negligent acts combined to produce a single, indivisible injury to the Plaintiff, as more fully set forth below, and they are subject to the jurisdiction of the Court.

34.

Jurisdiction and venue are proper in this Court.

**FACTS**

35.

Paragraphs 1-34 are incorporated herein by reference.

36.

The injury on which this action is based occurred in Oconee County, Georgia.

37.

Plaintiff is, and at all times mentioned in this action was, a resident of Oconee County, Georgia.

EXHIBIT B

38.

Plaintiff is informed and believes, and based on that alleges, that Defendant PPG designed, manufactured, assembled, marketed and distributed the Coleman KT196, Serial No. LWGGCML0XGA005512 (hereinafter the "Go-Kart") which was involved in the accident that is the subject of this lawsuit.

39.

Defendant PPG is in the business of designing, manufacturing, marketing, distributing, assembling, maintaining, repairing, and selling the Go-Kart and similar vehicles in the State of Georgia.

40.

Plaintiff is informed and believes, and based on that alleges, that Defendant PPG intended for its products, including the Go-Kart, to be sold and used in the state of Georgia, had a regular plan for distribution of its products, including the Go-Kart, in the state of Georgia, and derived a substantial amount of revenue from the sale of its products in the state of Georgia.

41.

Plaintiff is informed and believes, and based on that alleges, that Defendant Chongqing Industries designed, manufactured, assembled, marketed and distributed the Go-Kart.

42.

Defendant Chongqing Industries is in the business of designing, manufacturing, marketing, distributing, assembling, maintaining, repairing, and selling the Go-Kart and similar vehicles in the State of Georgia.

10

EXHIBIT B

43.

Plaintiff is informed and believes, and based on that alleges, that Defendant Chongqing Industries intended for its products, including the Go-Kart, to be sold and used in the state of Georgia, had a regular plan for distribution of its products, including the Go-Kart, in the state of Georgia, and derived a substantial amount of revenue from the sale of its products, including the Go-Kart, in the state of Georgia.

44.

Plaintiff is informed and believes, and based on that alleges, that Defendant Chongqing Industrial designed, manufactured, assembled, marketed and distributed the Go-Kart.

45.

Defendant Chongqing Industrial is in the business of designing, manufacturing, marketing, distributing, assembling, maintaining, repairing, and selling the Go-Kart and similar vehicles in the State of Georgia.

46.

Plaintiff is informed and believes, and based on that alleges, that Defendant Chongqing Industrial intended for its products, including the Go-Kart, to be sold and used in the state of Georgia, had a regular plan for distribution of its products, including the Go-Kart, in the state of Georgia, and derived a substantial amount of revenue from the sale of its products, including the Go-Kart, in the state of Georgia.

47.

Plaintiff is informed and believes, and based on that alleges, that Defendants Hisun Motors and Hisun Holding designed, manufactured, assembled, marketed and distributed the Go-Kart.

11

48

Defendants Hisun Motors and Hisun Holding are in the business of designing, manufacturing, marketing, distributing, assembling, maintaining, repairing, and selling the Go-Kart and similar vehicles in the State of Georgia.

49.

Plaintiff is informed and believes, and based on that alleges, that Defendants Hisun Motors and Hisun Holding are the U.S.-based subsidiaries or affiliates of Defendant Chongqing Industries and/or Defendant Chongqing Industrial and carry those Defendants' U.S. business operations, such as overseeing importation of products and arranging shipments to U.S. distributors on behalf of Defendant Chongqing Industries and/or Defendant Chongqing Industrial.

50.

Plaintiff is informed and believes, and based on that alleges, that Defendant Hisun Motors and/or Defendant Hisun Holding facilitated the distribution and marketing of Defendant Chongqing Industries and Defendant Chongqing Industrial's products in the state of Georgia, had a regular plan for the distribution of Defendant Chongqing Industries and Defendant Chongqing Industrial's products, including the Go-Kart, in the state of Georgia, and derived a substantial amount of revenue from the sale of Defendant Chongqing Industries and Defendant Chongqing Industrial's products, including the Go-Kart, in the state of Georgia.

51.

Plaintiff is informed and believes, and based on that alleges, that Defendants Hisun Motors and/or Hisun Holding intended for their products, including the Go-Kart, to be sold and used in the state of Georgia, had a regular plan for distribution of their products, including the

12

EXHIBIT B

Go-Kart, in the state of Georgia, and derived a substantial amount of revenue from the sale of their products, including the Go-Kart, in the state of Georgia.

52.

The Wal-Mart Defendants, or some of them, purchased the Go-Kart, and other similar products, for sale directly to consumers, and distributed, marketed, advertised, offered for sale, and actually sold the Go-Kart and other similar products.

53.

The Wal-Mart Defendants, or some of them, are in the business of marketing, advertising, distributing, offering for sale, and selling the Go-Kart and other similar products.

54.

All the Defendants either knew or should have known that the Go-Kart was defective at the time it was sold and prior to the accident that gave rise to the Plaintiff's injuries set out below.

55.

Despite their advance knowledge, all of the Defendants negligently failed to warn of the hazards presented by the defective Go-Kart, recall the Go-Kart, cease marketing the Go-Kart, and cease selling the Go-Kart.

56.

On or about December 19, 2016, the Go-Kart was purchased at a Walmart store located at 1911 Epps Bridge Pkwy, Athens, GA 30606.

57.

On or about February 18, 2018, Plaintiff was operating the Go-Kart in an off-road area in Oconee County, Georgia.

13

58.

The Go-Kart was intended to be used and operated in off-road areas such as the place where the accident occurred and was being used in a foreseeable fashion when the accident occurred.

59.

On or about February 18, 2018, the front left steering assembly of the Go-Kart failed as the Go-Kart was being operated by Plaintiff, causing Plaintiff to lose control of the Go-Kart.

60.

As a direct and proximate result of the failure of the steering assembly, Plaintiff lost control of the Go-Kart and it rolled over three times breaking her left arm and pinning her inside the Go-Kart.

61.

As the Go-Kart rolled, the brush guard assembly failed and pinned Plaintiff inside the Go-Kart so that she could not escape, which failure required that the Go-Kart be disassembled by emergency personnel so that Plaintiff could be transported to the hospital.

62.

As a direct and proximate result of the failure of the brush guard assembly, Plaintiff suffered additional injuries, damages, pain and suffering, and disability resulting from her being pinned inside the Go-Kart.

63.

As a direct and proximate result of the crash described above, Plaintiff suffered a left distal humerus fracture, as well as nerve damage to her left leg and foot, abrasions and other injuries to her body.

64.

On or about February 19, 2018, Plaintiff received surgical intervention to repair her left

distal humerus fracture at Piedmont Athens Regional Medical Center located at 1199 Prince Ave,

Athens, GA 30606.

65.

Plaintiff underwent a subsequent surgery to her left arm in November of 2018 at

Piedmont Athens Regional Medical Center located at 1199 Prince Ave, Athens, GA 30606.

66.

From approximately March 13, 2018 to approximately December 9, 2019, Plaintiff

received post-surgical and follow-up therapy and treatment from Piedmont Athens Regional

Medical Center and other providers on numerous occasions.

67.

As a direct and proximate result of the injuries she sustained caused by the defective

Go-Kart, Plaintiff incurred medical expenses in the following amounts (not by way of

limitation):

1. Piedmont Athens Regional Medical Center - Emergency room admission; surgical

   intervention and pre-/post-operative care - $93,757.01

2. Piedmont Athens Regional Medical Center - Post-surgical and follow-up therapy and

   treatment from 3/13/2018-12/09-2019 - $74,833.54

3. Medical Center Anesthesiology of Athens - $2,002.00

4. Athens Radiology Associates, P.C. - $263.00

5. Athens Orthopedic Clinic - $7,531.00

6. National EMS - $933.20

15

7. Georgia Emergency Medicine SPC - $1,008.50

68.

As a direct and proximate result of the crash described above, Plaintiff received plates and screws in her left elbow, underwent a second surgery to remove scar tissue, and for other purposes, suffered severe nerve damage to her left arm, and suffered severe nerve damage and loss of sensation in her left leg and foot.

69.

As a further direct and proximate result of the crash described above, Plaintiff was homebound for approximately two months during which time she was unable to attend school and extracurricular activities and engage in other activities in which she could engage prior to the crash.

70.

As a further direct and proximate result of the crash described above, Plaintiff underwent approximately thirteen months of physical and occupational therapy owing to which she missed school and extracurricular activities and was otherwise unable to participate in the activities in which she participated prior to the crash.

71.

As a further direct and proximate result of the crash described above, Plaintiff was hurt and injured in her health, strength and activity and sustained injury to her body and shock and injury to her nervous system, causing her physical, mental and nervous pain and suffering, all to her general damage in a sum within the Court's jurisdiction.

16

72.

Said physical and mental pain and suffering continues to this day and will continue for the remainder of Plaintiff's life.

73.

As a further direct and proximate result of the above, Plaintiff has experienced significant loss of enjoyment of life, ongoing pain and suffering, and disability that interferes with her day-to-day activities on an ongoing basis.

74.

Plaintiff was not negligent in any manner.

## COUNT I-STRICT LIABILITY

75.

Paragraphs 1-74 are incorporated herein by reference.

76.

Defendant Chongqing Industries, Defendant Chongqing Industrial, Defendant PPG, Defendant Hisun Motors, and/or Defendant Hisun Holding manufactured the Go-Kart, which was sold as new through some or all of the Defendants.

77.

Plaintiff, a natural person, used the Go-Kart in the normal, foreseeable fashion and for the purposes for which the Go-Kart was intended, namely, off-road riding and suffered injuries when the steering assembly and brush guard assembly failed in the manner described above.

78.

Due to the faulty steering assembly and brush guard assembly, the Go-Kart, when sold by Defendants Chongqing Industries, Chongqing Industrial, PPG, Hisun Motors and/or Hisun

17

EXHIBIT B

Holding, was not merchantable and reasonably suited to the use intended, and its condition when sold, including the faulty steering assembly and brush guard assembly, was the proximate cause of the injuries sustained by Plaintiff.

**COUNT II-NEGLIGENCE**

79.

Paragraphs 1-78 are incorporated herein by reference.

80.

Defendants Chongqing Industries, Chongqing Industrial, PPG, Hisun Motors, and Hisun Holding were under a duty to exercise reasonable care in designing, manufacturing, assembling, and distributing the Go-Kart and in ensuring that all necessary warnings regarding the Go-Kart's dangerous propensities, dangerous handling characteristics, and defective parts were included with the Go-Kart.

81.

Defendants Chongqing Industries, Chongqing Industrial, PPG, Hisun Motors, and/or Hisun Holding failed to exercise reasonable care in designing, manufacturing, assembling, and distributing the Go-Kart and in ensuring that all necessary warnings regarding the Go-Kart's dangerous propensities, dangerous handling characteristics, and defective parts were included with the Go-Kart.

82.

At the time the Go-Kart was designed, manufactured, assembled, marketed and distributed, it was defective with respect to the design of its front left steering assembly and handling characteristics leaving the steering assembly likely to fail and cause the Go-Kart to

18

EXHIBIT B

become uncontrollable. It was further defective and unsafe for its intended purpose, in that it failed to provide adequate warnings and instructions to the users of the vehicle.

83.

At the time the Go-Kart was designed, manufactured, assembled, marketed and distributed, it was defective with respect to the design of its brush guard assembly leaving the brush guard assembly likely to fail and cause injuries to occupants of the Go-Kart in the event of a roll-over accident such as occurred in the case *sub judice*.

84.

Plaintiff is informed and believes, and on that information and belief alleges, that there may be other as yet undiscovered defects in the Go-Kart that, together or individually, proximately caused or contributed to the accident, injuries and damages described in this complaint.

85.

On or about February 18, 2018, as a direct and proximate result of the above defects and negligence, the Go-Kart failed and malfunctioned while being used and operated in a foreseeable fashion causing the accident, injuries and damages to Plaintiff as described in this complaint.

## COUNT III - NEGLIGENCE

86.

Paragraphs 1-85 are incorporated herein by reference.

87.

Prior to the sale of the Go-Kart, all the Defendants knew or should have known that the Go-Kart was defective and that the steering assembly and brush guard assembly were likely to

fail in the manners described above and cause injuries to the occupants of the Go-Kart such as the injuries suffered by Plaintiff.

88.

Prior to the accident described above, all the Defendants knew or should have known that the Go-Kart was defective and that the steering assembly and brush guard assembly were likely to fail in the manners described above and cause injuries to the occupants of the Go-Kart such as the injuries suffered by Plaintiff.

89.

Both before the sale of the Go-Kart and before the accident described above, all the Defendants were under a duty to warn of the dangerous defects, recall the Go-Kart, cease marketing the Go-Kart, and cease selling the Go-Kart.

90.

Despite their advance knowledge, all the Defendants negligently failed to warn of the dangerous defects, recall the Go-Kart, cease marketing the Go-Kart, and cease selling the Go-Kart.

91.

As a direct and proximate result of the Defendants' failures to warn of the dangerous defects, recall the Go-Kart, cease marketing the Go-Kart, and cease selling the Go-Kart, Plaintiff was unaware of and unnecessarily exposed to the hazards presented by the defective parts and was injured when the parts failed.

**DAMAGES**

20

92.

Paragraphs 1-91 are incorporated herein by reference.

93.

To date, Plaintiff has incurred significant damages caused by the incident herein including past, present and future pain and suffering, loss of enjoyment of life, ongoing medical expenses, and disability in amounts to be proved at trial.

94.

Plaintiff suffers from continued limited use of her left arm, substantial pain in her left arm and left foot and leg, and continued disability, and will continue to suffer same for the remainder of her life.

95.

As a direct and proximate result of Defendants' actions, Defendants are indebted to Plaintiff for her past, present, and future medical bills, pain and suffering, disability, and lost earnings.

96.

Plaintiff will set forth by amendment the medical expenses incurred for her November 2018 surgical procedure and all other necessary expenses, including physical therapy and rehabilitation.

**WHEREFORE**, Plaintiff prays for the following relief:

(a) That she have judgment against Defendants for an amount to be proved at trial for reasonable and necessary past, present, and future medical expenses and costs in an amount to be determined in accordance with the enlightened conscience of the jury;

(b) That she have judgment against Defendants for a just and equitable sum that will fairly and adequately compensate Plaintiff for the past, present, and future loss and damages Plaintiff has sustained and will sustain and for pain and suffering, loss of enjoyment of life, and disability, as provided by law, in an amount of not less than $750,000.00;

(c) That costs be cast against Defendants;

(d) That she have a trial by jury on all issues so triable; and

(e) That this Court order such further relief as it deems just and proper.

/s/ David W. Griffeth                    /s/ J. Bryant Oliver
David W. Griffeth                        J. Bryant Oliver
State Bar No. 310600                     State Bar No. 189766
Attorney for Plaintiff                   Attorney for Plaintiff
davidwgriffethlaw@gmail.com              jbryantoliverlaw@gmail.com

220 College Avenue, Suite 606
Athens, Georgia 30601
(706) 353-1360

**EXHIBIT B**

**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
07/06/2023
CT Log Number 544224187

## Service of Process Transmittal Summary

**TO:**  KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:**  **Process Served in Georgia**

**FOR:**  Wal-Mart Associates, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: VIEITEZ ALICIA CARNES // To: Wal-Mart Associates, Inc. |
| **DOCUMENT(S) SERVED:** | Entry, Summons, Complaint |
| **COURT/AGENCY:** | Forsyth County Superior Court, GA<br>Case # 23CV10322 |
| **NATURE OF ACTION:** | Product Liability Litigation - Personal Injury - Coleman KT196 - LWGGCML0XGA005512 |
| **PROCESS SERVED ON:** | The Corporation Company (FL), Cumming, GA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/06/2023 at 13:22 |
| **JURISDICTION SERVED:** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | David W. Griffeth<br>220 College Avenue, Suite 606<br>Athens, GA 30601<br>706-353-1360 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/06/2023, Expected Purge Date: 07/16/2023<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | The Corporation Company (FL)<br>106 Colony Park Drive STE 800-B<br>Cumming, GA 30040<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT B



# PROCESS SERVER DELIVERY DETAILS

**Date:**                         Thu, Jul 6, 2023
**Server Name:**                  Drop Service

| Entity Served | WAL-MART ASSOCIATES, INC. |
|---|---|
| Case Number | 23CV-1032-2 |
| Jurisdiction | GA |

| Inserts | | |
|---|---|---|
| | | |



**EXHIBIT B**

**SHERIFF'S ENTRY OF SERVICE**

## SHERIFF'S ENTRY OF SERVICE

| | Superior Court | ☑ | Magistrate Court | ☐ |
|---|---|---|---|---|
| | State Court | ☐ | Probate Court | ☐ |
| | Juvenile Court | ☐ | | |

Civil Action No. __23CV-1032-2__

Date Filed __06/28/2023__

Georgia, __Forsyth__ COUNTY

Attorney's Address

J. Bryant Oliver and
David W. Griffeth
220 College Ave., Ste. 606
Athens, GA 30601
jbryantoliverlaw@gmail.com
davidwgriffethlaw@gmail.com

Alicia Carnes-Vieitez

_____
Plaintiff

Name and Address of Party to be Served.

Wal-Mart Associates, Inc.

via The Corporation Company (FL)

106 Colony Park Dr., Ste. 800-B

Cumming, GA 30040-2974
79

VS.

Performance Powersports Group, Inc., et al.
Defendant

_____

_____
Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐
I have this day served the defendant_____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐
I have this day served the defendant_____by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of_____described as follows: age, about _____years; weight _____ pounds; height, about_____ feet and_____ inches, domiciled at the residence of defendant.

**CORPORATION** ☐
Served the defendant_____ Wal-Mart Associates, Inc. _____a corporation by leaving a copy of the within action and summons with __The Corporation Company (FL)__ in charge of the office and place of doing business of said Corporation in the County. *Dayvon Jackson*

**TACK & MAIL** ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐
Diligent search made and defendant_____ not to be found in the jurisdiction of this court.

This__6th__day of___July___, 20_23_.

Forsyth County Sheriff's Office            DEPUTY

SHERIFF DOCKET            PAGE

WHITE-CLERK   CANARY-PLAINTIFF   PINK-DEFENDANT

**EXHIBIT B**

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
6/28/2023 7:45 PM
GREG G. ALLEN
CLERK OF THE SUPERIOR COURTS
23CV-1032-2
JUDGE DICKINSON, DAVID L.

**IN THE SUPERIOR COURT OF FORSYTH COUNTY
STATE OF GEORGIA**

ALICIA SHEA CARNES-VIEITEZ,     )
    Plaintiff,                )
                         )
vs.                          )
                         )
PERFORMANCE POWERSPORTS GROUP, )
INC. f/k/a RICH GODFREY & ASSOCIATES, )
INC. d/b/a COLEMAN POWERSPORTS,    )
CHONGQING HUANSONG INDUSTRIES   )   Civil Action No. _____
(GROUP) CO., LTD., CHONGQING        )
HUANSONG SCIENCE AND TECHNOLOGY )
INDUSTRIAL CO., LTD., HISUN MOTORS  )
CORP., USA, HISUN HOLDING GROUP    )
COMPANY, WAL-MART ASSOCIATES, INC., )
WAL-MART STORES EAST, LP         )
(DELAWARE), WALMART INC., WAL-MART )
TRS, LLC, and WALMART CLAIMS      )
SERVICES, INC.,                  )
    Defendants.             )
_____)

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said Court and serve upon plaintiff's attorneys, whose names and addresses are:

David W. Griffeth              J. Bryant Oliver
220 College Avenue, Suite 606    220 College Avenue, Suite 612
Athens, GA 30601            Athens, GA 30601
davidwgriffethlaw@gmail.com     jbryantoliverlaw@gmail.com

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

This ___28___ day of _____June_____, 20__23__.

           Honorable Greg G. Allen, Clerk of Superior Court
                       /s/ Maria Lamela
               By_____(SEAL)
                       Deputy Clerk

To defendant upon whom this summons is served: This copy of complaint and summons was served upon you , _____, 20____.

**EXHIBIT B**

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
6/28/2023 7:45 PM
GREG G. ALLEN
CLERK OF THE SUPERIOR COURTS
23CV-1032-2
JUDGE DICKINSON, DAVID L.

## IN THE SUPERIOR COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ALICIA CARNES-VIEITEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| PERFORMANCE POWERSPORTS GROUP, | ) |
| INC. f/k/a RICH GODFREY & ASSOCIATES, | ) |
| INC. d/b/a COLEMAN POWERSPORTS, | ) |
| CHONGQING HUANSONG INDUSTRIES | )   Civil Action No. _____ |
| (GROUP) CO., LTD., CHONGQING | ) |
| HUANSONG SCIENCE AND TECHNOLOGY | ) |
| INDUSTRIAL CO., LTD., HISUN MOTORS | ) |
| CORP., USA, HISUN HOLDING GROUP | ) |
| COMPANY, WAL-MART ASSOCIATES, INC., | ) |
| WAL-MART STORES EAST, LP | ) |
| (DELAWARE), WALMART INC., WAL-MART | ) |
| TRS, LLC, and WALMART CLAIMS | ) |
| SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |

### COMPLAINT

**COMES NOW**, Alicia Carnes-Vieitez ("Plaintiff"), by and through her undersigned

attorneys, and files this Complaint against Performance Powersports Group, Inc. f/k/a Rich

Godfrey & Associates, Inc. d/b/a Coleman Powersports ("PPG"), Chongqing Huansong

Industries (Group) Co., Ltd. ("Chongqing Industries"), Chongqing Huansong Science and

Technology Industrial Co., Ltd. ("Chongqing Industrial"), Hisun Motors Corp., USA ("Hisun

Motors"), Hisun Holding Group Company ("Hisun Holding"), Wal-Mart Associates, Inc.,

Wal-Mart Stores East, LP (Delaware), Walmart INC., Wal-Mart TRS, LLC, and Walmart Claims

Services, Inc. (hereinafter collectively "Wal-Mart Defendants"), and in support thereof shows

the court the following:

### JURISDICTION AND VENUE

1

EXHIBIT B

1.

PPG is a foreign for-profit corporation organized and doing business under the laws of the State of Arizona with its principal office located at 1775 East University Drive, Tempe, AZ 85281.

2.

PPG may be served through its registered agent, InCorp Services, Inc., at 8825 N. 23rd Ave., Suite 100, Phoenix, AZ 85021 by second original by the Sheriff of Maricopa County, Arizona, his lawful deputy, or any other person authorized or appointed to serve civil process under the laws of the State of Arizona.

3.

Defendant PPG is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91, the Georgia Long Arm Statute, as it committed a tortious injury in Oconee County, Georgia caused by an act or omission outside the state of Georgia and it engages in a persistent course of conduct or derives a substantial revenue from goods used or consumed in the State of Georgia, as more fully set forth below.

4.

Further, Defendant PPG is subject to the jurisdiction of this Court because, at the time of the injury that is the subject of this action, it was engaged in regular, continuous, systematic business in Georgia, transacted substantial business in Georgia, had a regular plan for the distribution of its products in Georgia, and derived a substantial amount of revenue from sales of its products in Georgia.

5.

Defendant Chongqing Industries is a foreign for-profit limited company organized and doing business under the laws of the People's Republic of China and doing business in the State of Georgia with its principal office located at Shiyan Industrial Park, Huayan Town, Jiulongpo District, Chongqing 40052.

6.

Defendant Chongqing Industries may be served through its registered agent in the state of Colorado, National Registered Agents, Inc. at 7700 E. Arapahoe Rd., Ste. 220, Centennial, CO 80112-1268 by the Sheriff of Arapahoe County, Colorado, his lawful deputy, or any other person authorized to serve civil process under the laws of the State of Colorado.

7.

Defendant Chongqing Industries may also be served through its United States subsidiaries or affiliates, Hisun Motors and/or Hisun Holding, through those companies' registered agents, Qing Dai and Jason Z. Sun, respectively, both at 310 E. University Drive, McKinney, TX 75069 by second original by the Sheriff of Collin County, Texas, his lawful deputy, or any other person authorized or appointed to serve civil process under the laws of the State of Texas.

8.

Defendant Chongqing Industries is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91, the Georgia Long Arm Statute, as it committed a tortious injury in Oconee County, Georgia caused by an act or omission outside the state of Georgia and it engages in a persistent course of conduct or derives a substantial revenue from goods used or consumed in the State of Georgia, as more fully set forth below.

3

EXHIBIT B

9.

Further, Defendant Chongqing Industries is subject to the jurisdiction of this Court because, at the time of the injury that is the subject of this action, it was engaged in regular, continuous, systematic business in Georgia, transacted substantial business in Georgia, had a regular plan for the distribution of its products in Georgia, and derived a substantial amount of revenue from sales of its products in Georgia.

10.

Defendant Chongqing Industrial is a foreign for-profit limited company organized and doing business under the laws of the People's Republic of China and doing business in the State of Georgia with its principal office located at No. 29 Qixin Avenue, Yanjia Subdistrict, Changshou District, Chongqing 401221.

11.

Upon information and belief, Defendant Chongqing Industrial is a wholly-owned subsidiary of Defendant Chongqing Industries.

12.

Defendant Chongqing Industrial may be served through the registered agent for Defendant Chongqing Industries in the state of Colorado, National Registered Agents, Inc. at 7700 E. Arapahoe Rd., Ste. 220, Centennial, CO 80112-1268 by the Sheriff of Arapaho County, Colorado, his lawful deputy, or any other person authorized to serve civil process under the laws of the State of Colorado.

13.

Defendant Chongqing Industrial  may also be served through the United States subsidiaries or affiliates of Defendant Chongqing Industries, Hisun Motors and/or Hisun

4

EXHIBIT B

Holding, through those companies' registered agents, Qing Dai and Jason Z. Sun, respectively, both at 310 E. University Drive, McKinney, TX 75069 by second original by the Sheriff of Collin County, Texas, his lawful deputy, or any other person authorized or appointed to serve civil process under the laws of the State of Texas.

14.

Defendant Chongqing Industrial is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91, the Georgia Long Arm Statute, as it committed a tortious injury in Oconee County, Georgia caused by an act or omission outside the state of Georgia and it engages in a persistent course of conduct or derives a substantial revenue from goods used or consumed in the State of Georgia, as more fully set forth below.

15.

Further, Defendant Chongqing Industrial is subject to the jurisdiction of this Court because, at the time of the injury that is the subject of this action, it was engaged in regular, continuous, systematic business in Georgia, transacted substantial business in Georgia, had a regular plan for the distribution of its products in Georgia, and derived a substantial amount of revenue from sales of its products in Georgia.

16.

Defendant Hisun Motors is a foreign for-profit corporation organized and doing business under the laws of the State of Texas with its principal office located at 310 E. University Drive, McKinney, TX 75069.

17.

Service may be made upon Defendant Hisun Motors via its registered agent, Qing Dai, at 310 E. University Drive, McKinney, TX 75069 by second original by the Sheriff of Collin

5

EXHIBIT B

County, Texas, his lawful deputy, or any other person authorized or appointed to serve civil process under the laws of the State of Texas.

18.

Upon information and belief, Defendant Hisun Motors is a wholly-owned subsidiary of Defendant Chongqing Industries.

19.

Defendant Hisun Motors is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91, the Georgia Long Arm Statute, as it committed a tortious injury in Oconee County, Georgia caused by an act or omission outside the state of Georgia and it engages in a persistent course of conduct or derives a substantial revenue from goods used or consumed in the State of Georgia, as more fully set forth below.

20.

Further, Defendant Hisun Motors is subject to the jurisdiction of this Court because, at the time of the injury that is the subject of this action, it was engaged in regular, continuous, systematic business in Georgia, transacted substantial business in Georgia, had a regular plan for the distribution of its products in Georgia, and derived a substantial amount of revenue from sales of its products in Georgia.

21.

Defendant Hisun Holding is a foreign for-profit company organized and doing business under the laws of the State of Texas with its principal office located at 310 E. University Drive, McKinney, TX 75069.

6

EXHIBIT B

22.

Service may be made upon Defendant Hisun Holding via its registered agent, Jason Z. Sun, at 310 E. University Drive, McKinney, TX 75069 by second original by the Sheriff of Collin County, Texas, his lawful deputy, or any other person authorized or appointed to serve civil process under the laws of the State of Texas.

23.

Upon information and belief, Defendant Hisun Holding is a wholly-owned subsidiary of Defendant Chongqing Industries.

24.

Defendant Hisun Holding is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91, the Georgia Long Arm Statute, as it committed a tortious injury in Oconee County, Georgia caused by an act or omission outside the state of Georgia and it engages in a persistent course of conduct or derives a substantial revenue from goods used or consumed in the State of Georgia, as more fully set forth below.

25.

Further, Hisun Holding is subject to the jurisdiction of this Court because, at the time of the injury that is the subject of this action, it was engaged in regular, continuous, systematic business in Georgia, transacted substantial business in Georgia, had a regular plan for the distribution of its products in Georgia, and derived a substantial amount of revenue from sales of its products in Georgia.

EXHIBIT B

26.

Defendant Wal-Mart Associates, Inc. is a foreign profit corporation organized and existing under the laws of the State of Delaware with its principal office located at 702 SW 8th Street, Bentonville, AR 72716.

27.

Defendant Wal-Mart Stores East, LP (Delaware) is a foreign limited partnership organized and existing under the laws of the State of Delaware with its principal office located at 702 SW 8th Street, Bentonville, AR 72716.

28.

Defendant Wal-Mart INC. is a foreign profit corporation organized and existing under the laws of the State of Delaware with its principal office located at 702 SW 8th Street, Bentonville, AR 72716.

29.

Defendant Wal-Mart TRS, LLC is a foreign limited liability company organized and existing under the laws of the State of Delaware with its principal office located at 702 SW 8th Street, Bentonville, AR 72716.

30.

Defendant Walmart Claims Services, Inc. is a foreign profit corporation organized and existing under the laws of the State of Arkansas with its principal office located at 702 SW 8th Street, Bentonville, AR 72716.

8

31.

Each of the Wal-Mart Defendants may be served through its registered agent in the State of Georgia, The Corporation Company (FL) at 106 Colony Park Drive, Ste. 800-B, Cumming, GA 30040-2794.

32.

Each of the Wal-Mart Defendants is subject to the jurisdiction of this Court as they are each registered to do business in the State of Georgia.

33.

All of the Defendants are joint tort-feasors as their independent or concerted negligent acts combined to produce a single, indivisible injury to the Plaintiff, as more fully set forth below, and they are subject to the jurisdiction of the Court.

34.

Jurisdiction and venue are proper in this Court.

## FACTS

35.

Paragraphs 1-34 are incorporated herein by reference.

36.

The injury on which this action is based occurred in Oconee County, Georgia.

37.

Plaintiff is, and at all times mentioned in this action was, a resident of Oconee County, Georgia.

38.

Plaintiff is informed and believes, and based on that alleges, that Defendant PPG designed, manufactured, assembled, marketed and distributed the Coleman KT196, Serial No. LWGGCML0XGA005512 (hereinafter the "Go-Kart") which was involved in the accident that is the subject of this lawsuit.

39.

Defendant PPG is in the business of designing, manufacturing, marketing, distributing, assembling, maintaining, repairing, and selling the Go-Kart and similar vehicles in the State of Georgia.

40.

Plaintiff is informed and believes, and based on that alleges, that Defendant PPG intended for its products, including the Go-Kart, to be sold and used in the state of Georgia, had a regular plan for distribution of its products, including the Go-Kart, in the state of Georgia, and derived a substantial amount of revenue from the sale of its products in the state of Georgia.

41.

Plaintiff is informed and believes, and based on that alleges, that Defendant Chongqing Industries designed, manufactured, assembled, marketed and distributed the Go-Kart.

42.

Defendant Chongqing Industries is in the business of designing, manufacturing, marketing, distributing, assembling, maintaining, repairing, and selling the Go-Kart and similar vehicles in the State of Georgia.

10

EXHIBIT B

43.

Plaintiff is informed and believes, and based on that alleges, that Defendant Chongqing Industries intended for its products, including the Go-Kart, to be sold and used in the state of Georgia, had a regular plan for distribution of its products, including the Go-Kart, in the state of Georgia, and derived a substantial amount of revenue from the sale of its products, including the Go-Kart, in the state of Georgia.

44.

Plaintiff is informed and believes, and based on that alleges, that Defendant Chongqing Industrial designed, manufactured, assembled, marketed and distributed the Go-Kart.

45.

Defendant Chongqing Industrial is in the business of designing, manufacturing, marketing, distributing, assembling, maintaining, repairing, and selling the Go-Kart and similar vehicles in the State of Georgia.

46.

Plaintiff is informed and believes, and based on that alleges, that Defendant Chongqing Industrial intended for its products, including the Go-Kart, to be sold and used in the state of Georgia, had a regular plan for distribution of its products, including the Go-Kart, in the state of Georgia, and derived a substantial amount of revenue from the sale of its products, including the Go-Kart, in the state of Georgia.

47.

Plaintiff is informed and believes, and based on that alleges, that Defendants Hisun Motors and Hisun Holding designed, manufactured, assembled, marketed and distributed the Go-Kart.

11

EXHIBIT B

48

Defendants Hisun Motors and Hisun Holding are in the business of designing, manufacturing, marketing, distributing, assembling, maintaining, repairing, and selling the Go-Kart and similar vehicles in the State of Georgia.

49.

Plaintiff is informed and believes, and based on that alleges, that Defendants Hisun Motors and Hisun Holding are the U.S.-based subsidiaries or affiliates of Defendant Chongqing Industries and/or Defendant Chongqing Industrial and carry those Defendants' U.S. business operations, such as overseeing importation of products and arranging shipments to U.S. distributors on behalf of Defendant Chongqing Industries and/or Defendant Chongqing Industrial.

50.

Plaintiff is informed and believes, and based on that alleges, that Defendant Hisun Motors and/or Defendant Hisun Holding facilitated the distribution and marketing of Defendant Chongqing Industries and Defendant Chongqing Industrial's products in the state of Georgia, had a regular plan for the distribution of Defendant Chongqing Industries and Defendant Chongqing Industrial's products, including the Go-Kart, in the state of Georgia, and derived a substantial amount of revenue from the sale of Defendant Chongqing Industries and Defendant Chongqing Industrial's products, including the Go-Kart, in the state of Georgia.

51.

Plaintiff is informed and believes, and based on that alleges, that Defendants Hisun Motors and/or Hisun Holding intended for their products, including the Go-Kart, to be sold and used in the state of Georgia, had a regular plan for distribution of their products, including the

12

Go-Kart, in the state of Georgia, and derived a substantial amount of revenue from the sale of their products, including the Go-Kart, in the state of Georgia.

52.

The Wal-Mart Defendants, or some of them, purchased the Go-Kart, and other similar products, for sale directly to consumers, and distributed, marketed, advertised, offered for sale, and actually sold the Go-Kart and other similar products.

53.

The Wal-Mart Defendants, or some of them, are in the business of marketing, advertising, distributing, offering for sale, and selling the Go-Kart and other similar products.

54.

All the Defendants either knew or should have known that the Go-Kart was defective at the time it was sold and prior to the accident that gave rise to the Plaintiff's injuries set out below.

55.

Despite their advance knowledge, all of the Defendants negligently failed to warn of the hazards presented by the defective Go-Kart, recall the Go-Kart, cease marketing the Go-Kart, and cease selling the Go-Kart.

56.

On or about December 19, 2016, the Go-Kart was purchased at a Walmart store located at 1911 Epps Bridge Pkwy, Athens, GA 30606.

57.

On or about February 18, 2018, Plaintiff was operating the Go-Kart in an off-road area in Oconee County, Georgia.

13

58.

The Go-Kart was intended to be used and operated in off-road areas such as the place where the accident occurred and was being used in a foreseeable fashion when the accident occurred.

59.

On or about February 18, 2018, the front left steering assembly of the Go-Kart failed as the Go-Kart was being operated by Plaintiff, causing Plaintiff to lose control of the Go-Kart.

60.

As a direct and proximate result of the failure of the steering assembly, Plaintiff lost control of the Go-Kart and it rolled over three times breaking her left arm and pinning her inside the Go-Kart.

61.

As the Go-Kart rolled, the brush guard assembly failed and pinned Plaintiff inside the Go-Kart so that she could not escape, which failure required that the Go-Kart be disassembled by emergency personnel so that Plaintiff could be transported to the hospital.

62.

As a direct and proximate result of the failure of the brush guard assembly, Plaintiff suffered additional injuries, damages, pain and suffering, and disability resulting from her being pinned inside the Go-Kart.

63.

As a direct and proximate result of the crash described above, Plaintiff suffered a left distal humerus fracture, as well as nerve damage to her left leg and foot, abrasions and other injuries to her body.

EXHIBIT B

64.

On or about February 19, 2018, Plaintiff received surgical intervention to repair her left distal humerus fracture at Piedmont Athens Regional Medical Center located at 1199 Prince Ave, Athens, GA 30606.

65.

Plaintiff underwent a subsequent surgery to her left arm in November of 2018 at Piedmont Athens Regional Medical Center located at 1199 Prince Ave, Athens, GA 30606.

66.

From approximately March 13, 2018 to approximately December 9, 2019, Plaintiff received post-surgical and follow-up therapy and treatment from Piedmont Athens Regional Medical Center and other providers on numerous occasions.

67.

As a direct and proximate result of the injuries she sustained caused by the defective Go-Kart, Plaintiff incurred medical expenses in the following amounts (not by way of limitation):

1. Piedmont Athens Regional Medical Center - Emergency room admission; surgical intervention and pre-/post-operative care - $93,757.01

2. Piedmont Athens Regional Medical Center - Post-surgical and follow-up therapy and treatment from 3/13/2018-12/09-2019 - $74,833.54

3. Medical Center Anesthesiology of Athens - $2,002.00

4. Athens Radiology Associates, P.C. - $263.00

5. Athens Orthopedic Clinic - $7,531.00

6. National EMS - $933.20

15

7. Georgia Emergency Medicine SPC - $1,008.50

68.

As a direct and proximate result of the crash described above, Plaintiff received plates and screws in her left elbow, underwent a second surgery to remove scar tissue, and for other purposes, suffered severe nerve damage to her left arm, and suffered severe nerve damage and loss of sensation in her left leg and foot.

69.

As a further direct and proximate result of the crash described above, Plaintiff was homebound for approximately two months during which time she was unable to attend school and extracurricular activities and engage in other activities in which she could engage prior to the crash.

70.

As a further direct and proximate result of the crash described above, Plaintiff underwent approximately thirteen months of physical and occupational therapy owing to which she missed school and extracurricular activities and was otherwise unable to participate in the activities in which she participated prior to the crash.

71.

As a further direct and proximate result of the crash described above, Plaintiff was hurt and injured in her health, strength and activity and sustained injury to her body and shock and injury to her nervous system, causing her physical, mental and nervous pain and suffering, all to her general damage in a sum within the Court's jurisdiction.

72.

Said physical and mental pain and suffering continues to this day and will continue for the remainder of Plaintiff's life.

73.

As a further direct and proximate result of the above, Plaintiff has experienced significant loss of enjoyment of life, ongoing pain and suffering, and disability that interferes with her day-to-day activities on an ongoing basis

74.

Plaintiff was not negligent in any manner.

## COUNT I-STRICT LIABILITY

75.

Paragraphs 1-74 are incorporated herein by reference.

76.

Defendant Chongqing Industries, Defendant Chongqing Industrial, Defendant PPG, Defendant Hisun Motors, and/or Defendant Hisun Holding manufactured the Go-Kart, which was sold as new through some or all of the Defendants.

77.

Plaintiff, a natural person, used the Go-Kart in the normal, foreseeable fashion and for the purposes for which the Go-Kart was intended, namely, off-road riding and suffered injuries when the steering assembly and brush guard assembly failed in the manner described above.

78.

Due to the faulty steering assembly and brush guard assembly, the Go-Kart, when sold by Defendants Chongqing Industries, Chongqing Industrial, PPG, Hisun Motors and/or Hisun

17

EXHIBIT B

Holding, was not merchantable and reasonably suited to the use intended, and its condition when

sold, including the faulty steering assembly and brush guard assembly, was the proximate cause

of the injuries sustained by Plaintiff.

## COUNT II-NEGLIGENCE

79.

Paragraphs 1-78 are incorporated herein by reference.

80.

Defendants Chongqing Industries, Chongqing Industrial, PPG, Hisun Motors, and Hisun

Holding were under a duty to exercise reasonable care in designing, manufacturing, assembling,

and distributing the Go-Kart and in ensuring that all necessary warnings regarding the Go-Kart's

dangerous propensities, dangerous handling characteristics, and defective parts were included

with the Go-Kart.

81.

Defendants Chongqing Industries, Chongqing Industrial, PPG, Hisun Motors, and/or

Hisun Holding failed to exercise reasonable care in designing, manufacturing, assembling, and

distributing the Go-Kart and in ensuring that all necessary warnings regarding the Go-Kart's

dangerous propensities, dangerous handling characteristics, and defective parts were included

with the Go-Kart.

82.

At the time the Go-Kart was designed, manufactured, assembled, marketed and

distributed, it was defective with respect to the design of its front left steering assembly and

handling characteristics leaving the steering assembly likely to fail and cause the Go-Kart to

18

EXHIBIT B

become uncontrollable. It was further defective and unsafe for its intended purpose, in that it failed to provide adequate warnings and instructions to the users of the vehicle.

83.

At the time the Go-Kart was designed, manufactured, assembled, marketed and distributed, it was defective with respect to the design of its brush guard assembly leaving the brush guard assembly likely to fail and cause injuries to occupants of the Go-Kart in the event of a roll-over accident such as occurred in the case *sub judice*.

84.

Plaintiff is informed and believes, and on that information and belief alleges, that there may be other as yet undiscovered defects in the Go-Kart that, together or individually, proximately caused or contributed to the accident, injuries and damages described in this complaint.

85.

On or about February 18, 2018, as a direct and proximate result of the above defects and negligence, the Go-Kart failed and malfunctioned while being used and operated in a foreseeable fashion causing the accident, injuries and damages to Plaintiff as described in this complaint.

## COUNT III - NEGLIGENCE

86.

Paragraphs 1-85 are incorporated herein by reference.

87.

Prior to the sale of the Go-Kart, all the Defendants knew or should have known that the Go-Kart was defective and that the steering assembly and brush guard assembly were likely to

EXHIBIT B

fail in the manners described above and cause injuries to the occupants of the Go-Kart such as the injuries suffered by Plaintiff.

88.

Prior to the accident described above, all the Defendants knew or should have known that the Go-Kart was defective and that the steering assembly and brush guard assembly were likely to fail in the manners described above and cause injuries to the occupants of the Go-Kart such as the injuries suffered by Plaintiff.

89.

Both before the sale of the Go-Kart and before the accident described above, all the Defendants were under a duty to warn of the dangerous defects, recall the Go-Kart, cease marketing the Go-Kart, and cease selling the Go-Kart.

90.

Despite their advance knowledge, all the Defendants negligently failed to warn of the dangerous defects, recall the Go-Kart, cease marketing the Go-Kart, and cease selling the Go-Kart.

91.

As a direct and proximate result of the Defendants' failures to warn of the dangerous defects, recall the Go-Kart, cease marketing the Go-Kart, and cease selling the Go-Kart, Plaintiff was unaware of and unnecessarily exposed to the hazards presented by the defective parts and was injured when the parts failed.

**DAMAGES**

20

92.

Paragraphs 1-91 are incorporated herein by reference.

93.

To date, Plaintiff has incurred significant damages caused by the incident herein
including past, present and future pain and suffering, loss of enjoyment of life, ongoing medical
expenses, and disability in amounts to be proved at trial.

94.

Plaintiff suffers from continued limited use of her left arm, substantial pain in her left arm
and left foot and leg, and continued disability, and will continue to suffer same for the remainder
of her life.

95.

As a direct and proximate result of Defendants' actions, Defendants are indebted to
Plaintiff for her past, present, and future medical bills, pain and suffering, disability, and lost
earnings.

96.

Plaintiff will set forth by amendment the medical expenses incurred for her November
2018 surgical procedure and all other necessary expenses, including physical therapy and
rehabilitation.

**WHEREFORE**, Plaintiff prays for the following relief:

(a) That she have judgment against Defendants for an amount to be proved at trial for
reasonable and necessary past, present, and future medical expenses and costs in an
amount to be determined in accordance with the enlightened conscience of the jury;

(b) That she have judgment against Defendants for a just and equitable sum that will
fairly and adequately compensate Plaintiff for the past, present, and future loss and
damages Plaintiff has sustained and will sustain and for pain and suffering, loss of
enjoyment of life, and disability, as provided by law, in an amount of not less than
$750,000.00;

21

EXHIBIT B

(c) That costs be cast against Defendants;
(d) That she have a trial by jury on all issues so triable; and
(e) That this Court order such further relief as it deems just and proper.


/s/ David W. Griffeth                         /s/ J. Bryant Oliver
David W. Griffeth                             J. Bryant Oliver
State Bar No. 310600                          State Bar No. 189766
Attorney for Plaintiff                        Attorney for Plaintiff
davidwgriffethlaw@gmail.com                   jbryantoliverlaw@gmail.com


220 College Avenue, Suite 606
Athens, Georgia 30601
(706) 353-1360

22

EXHIBIT B

**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
07/06/2023
CT Log Number 544224223

## Service of Process Transmittal Summary

**TO:**     KIM LUNDY- EMAIL
            Walmart Inc.
            GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
            BENTONVILLE, AR 72712-3148

**RE:**     **Process Served in Georgia**

**FOR:**    Wal-Mart Stores East, LP (Delaware)  (Assumed Name)  (Domestic State: DE)
            Wal-Mart Stores East, LP (True Name)

### ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: VIEITEZ ALICIA SHEA CARNES // To: Wal-Mart Stores East, LP |
| **DOCUMENT(S) SERVED:** | Entry, Summons, Complaint |
| **COURT/AGENCY:** | Forsyth County Superior Court, GA<br>Case # 23CV10322 |
| **NATURE OF ACTION:** | Product Liability Litigation - Personal Injury - Coleman KT196 - LWGGCML0XGA005512 |
| **PROCESS SERVED ON:** | The Corporation Company (FL), Cumming, GA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/06/2023 at 13:23 |
| **JURISDICTION SERVED:** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S)/SENDER(S):** | David W. Griffeth<br>220 College Avenue, Suite 606<br>Athens, GA 30601<br>706-353-1360 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/06/2023, Expected Purge Date: 07/16/2023<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | The Corporation Company (FL)<br>106 Colony Park Drive STE 800-B<br>Cumming, GA 30040<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT B



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                        Thu, Jul 6, 2023
**Server Name:**                          Drop Service

| Entity Served | WAL-MART STORES EAST, LP (DELAWARE) |
|---|---|
| Case Number | 23CV-1032-2 |
| Jurisdiction | GA |

| Inserts | | |
|---|---|---|
| | | |



EXHIBIT B

**SHERIFF'S ENTRY OF SERVICE**

SHERIFF'S ENTRY OF SERVICE

| | | | |
|---|---|---|---|
| Superior Court | ✓ | Magistrate Court | ☐ |
| State Court | ☐ | Probate Court | ☐ |
| Juvenile Court | ☐ | | |

Civil Action No. ___23CV-1032-2___

Date Filed ___06/28/2023___

Georgia, ___Forsyth___ COUNTY

Attorney's Address

J. Bryant Oliver and
David W. Griffeth
220 College Ave., Ste. 606
Athens, GA 30601
jbryantoliverlaw@gmail.com
davidwgriffethlaw@gmail.com

Name and Address of Party to be Served.

Wal-Mart Stores East, LP (Delaware)

via The Corporation Company (FL)

106 Colony Park Dr., Ste. 800-B

Cumming, GA 30040-2974
79

Alicia Carnes-Vieitez

_____

Plaintiff

VS.

Performance Powersports Group, Inc., et al.

Defendant

_____

Garnishee

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL** ☐

I have this day served the defendant_____ personally with a copy
of the within action and summons.

I have this day served the defendant_____by leaving a
copy of the action and summons at his most notorious place of abode in this County.

**NOTORIOUS** ☐

Delivered same into hands of_____described as follows:
age, about _____ years; weight _____ pounds; height, about_____ feet and_____ inches, domiciled at the residence of
defendant.

**CORPORATION** ☐

Served the defendant_____Wal-Mart Stores East, LP (Delaware)_____a corporation
by leaving a copy of the within action and summons with ___The Corporation Company (FL)___
in charge of the office and place of doing business of said Corporation in the County. Deyvon Jackson

**TACK & MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the
premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail,
First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed
thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐

Diligent search made and defendant_____
not to be found in the jurisdiction of this court.

This___6th___day of___July___, 20_23_.

_____
Forsyth County Sheriff's Office                    DEPUTY

SHERIFF DOCKET          PAGE                    WHITE-CLERK    CANARY-PLAINTIFF    PINK-DEFENDANT

EXHIBIT B

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
6/28/2023 7:45 PM
GREG G. ALLEN
CLERK OF THE SUPERIOR COURTS
23CV-1032-2
JUDGE DICKINSON, DAVID L.

## IN THE SUPERIOR COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ALICIA SHEA CARNES-VIEITEZ,<br>    Plaintiff,<br><br>vs.<br><br>PERFORMANCE POWERSPORTS GROUP,<br>INC. f/k/a RICH GODFREY & ASSOCIATES,<br>INC. d/b/a COLEMAN POWERSPORTS,<br>CHONGQING HUANSONG INDUSTRIES<br>(GROUP) CO., LTD., CHONGQING<br>HUANSONG SCIENCE AND TECHNOLOGY<br>INDUSTRIAL CO., LTD., HISUN MOTORS<br>CORP., USA, HISUN HOLDING GROUP<br>COMPANY, WAL-MART ASSOCIATES, INC.,<br>WAL-MART STORES EAST, LP<br>(DELAWARE), WALMART INC., WAL-MART<br>TRS, LLC, and WALMART CLAIMS<br>SERVICES, INC.,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):

    You are hereby summoned and required to file with the Clerk of said Court and serve upon plaintiff's attorneys, whose names and addresses are:

| | |
|---|---|
| David W. Griffeth | J. Bryant Oliver |
| 220 College Avenue, Suite 606 | 220 College Avenue, Suite 612 |
| Athens, GA 30601 | Athens, GA 30601 |
| davidwgriffethlaw@gmail.com | jbryantoliverlaw@gmail.com |

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

This 28 day of June , 20 23 .

Honorable Greg G. Allen, Clerk of Superior Court
/s/ Maria Lamela

By_____(SEAL)
Deputy Clerk

To defendant upon whom this summons is served: This copy of complaint and summons was served upon you , _____, 20____.

EXHIBIT B
FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
6/28/2023 7:45 PM
GREG G. ALLEN
CLERK OF THE SUPERIOR COURTS
23CV-1032-2
JUDGE DICKINSON, DAVID L.

## IN THE SUPERIOR COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ALICIA CARNES-VIEITEZ,       )<br>      )<br>     Plaintiff,       )<br>      )<br>vs.       )<br>      )<br>PERFORMANCE POWERSPORTS GROUP,  )<br>INC. f/k/a RICH GODFREY & ASSOCIATES,  )<br>INC. d/b/a COLEMAN POWERSPORTS,   )<br>CHONGQING HUANSONG INDUSTRIES   )<br>(GROUP) CO., LTD., CHONGQING     )<br>HUANSONG SCIENCE AND TECHNOLOGY )<br>INDUSTRIAL CO., LTD., HISUN MOTORS  )<br>CORP., USA, HISUN HOLDING GROUP   )<br>COMPANY, WAL-MART ASSOCIATES, INC., )<br>WAL-MART STORES EAST, LP      )<br>(DELAWARE), WALMART INC., WAL-MART )<br>TRS, LLC, and WALMART CLAIMS    )<br>SERVICES, INC.,        )<br>      )<br>     Defendants.     )<br>_____) | Civil Action No. _____ |

## COMPLAINT

**COMES NOW**, Alicia Carnes-Vieitez ("Plaintiff"), by and through her undersigned

attorneys, and files this Complaint against Performance Powersports Group, Inc. f/k/a Rich

Godfrey & Associates, Inc. d/b/a Coleman Powersports ("PPG"), Chongqing Huansong

Industries (Group) Co., Ltd. ("Chongqing Industries"), Chongqing Huansong Science and

Technology Industrial Co., Ltd. ("Chongqing Industrial"), Hisun Motors Corp., USA ("Hisun

Motors"), Hisun Holding Group Company ("Hisun Holding"), Wal-Mart Associates, Inc.,

Wal-Mart Stores East, LP (Delaware), Walmart INC., Wal-Mart TRS, LLC, and Walmart Claims

Services, Inc.  (hereinafter collectively "Wal-Mart Defendants"), and in support thereof shows

the court the following:

## JURISDICTION AND VENUE

1.

PPG is a foreign for-profit corporation organized and doing business under the laws of the State of Arizona with its principal office located at 1775 East University Drive, Tempe, AZ 85281.

2.

PPG may be served through its registered agent, InCorp Services, Inc., at 8825 N. 23rd Ave., Suite 100, Phoenix, AZ 85021 by second original by the Sheriff of Maricopa County, Arizona, his lawful deputy, or any other person authorized or appointed to serve civil process under the laws of the State of Arizona.

3.

Defendant PPG is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91, the Georgia Long Arm Statute, as it committed a tortious injury in Oconee County, Georgia caused by an act or omission outside the state of Georgia and it engages in a persistent course of conduct or derives a substantial revenue from goods used or consumed in the State of Georgia, as more fully set forth below.

4.

Further, Defendant PPG is subject to the jurisdiction of this Court because, at the time of the injury that is the subject of this action, it was engaged in regular, continuous, systematic business in Georgia, transacted substantial business in Georgia, had a regular plan for the distribution of its products in Georgia, and derived a substantial amount of revenue from sales of its products in Georgia.

5.

Defendant Chongqing Industries is a foreign for-profit limited company organized and doing business under the laws of the People's Republic of China and doing business in the State of Georgia with its principal office located at Shiyan Industrial Park, Huayan Town, Jiulongpo District, Chongqing 40052.

6.

Defendant Chongqing Industries may be served through its registered agent in the state of Colorado, National Registered Agents, Inc. at 7700 E. Arapahoe Rd., Ste. 220, Centennial, CO 80112-1268 by the Sheriff of Arapahoe County, Colorado, his lawful deputy, or any other person authorized to serve civil process under the laws of the State of Colorado.

7.

Defendant Chongqing Industries may also be served through its United States subsidiaries or affiliates, Hisun Motors and/or Hisun Holding, through those companies' registered agents, Qing Dai and Jason Z. Sun, respectively, both at 310 E. University Drive, McKinney, TX 75069 by second original by the Sheriff of Collin County, Texas, his lawful deputy, or any other person authorized or appointed to serve civil process under the laws of the State of Texas.

8.

Defendant Chongqing Industries is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91, the Georgia Long Arm Statute, as it committed a tortious injury in Oconee County, Georgia caused by an act or omission outside the state of Georgia and it engages in a persistent course of conduct or derives a substantial revenue from goods used or consumed in the State of Georgia, as more fully set forth below.

9.

Further, Defendant Chongqing Industries is subject to the jurisdiction of this Court because, at the time of the injury that is the subject of this action, it was engaged in regular, continuous, systematic business in Georgia, transacted substantial business in Georgia, had a regular plan for the distribution of its products in Georgia, and derived a substantial amount of revenue from sales of its products in Georgia.

10.

Defendant Chongqing Industrial is a foreign for-profit limited company organized and doing business under the laws of the People's Republic of China and doing business in the State of Georgia with its principal office located at No. 29 Qixin Avenue, Yanjia Subdistrict, Changshou District, Chongqing 401221.

11.

Upon information and belief, Defendant Chongqing Industrial is a wholly-owned subsidiary of Defendant Chongqing Industries.

12.

Defendant Chongqing Industrial may be served through the registered agent for Defendant Chongqing Industries in the state of Colorado, National Registered Agents, Inc. at 7700 E. Arapahoe Rd., Ste. 220, Centennial, CO 80112-1268 by the Sheriff of Arapaho County, Colorado, his lawful deputy, or any other person authorized to serve civil process under the laws of the State of Colorado.

13.

Defendant Chongqing Industrial may also be served through the United States subsidiaries or affiliates of Defendant Chongqing Industries, Hisun Motors and/or Hisun

4

Holding, through those companies' registered agents, Qing Dai and Jason Z. Sun, respectively, both at 310 E. University Drive, McKinney, TX 75069 by second original by the Sheriff of Collin County, Texas, his lawful deputy, or any other person authorized or appointed to serve civil process under the laws of the State of Texas.

14.

Defendant Chongqing Industrial is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91, the Georgia Long Arm Statute, as it committed a tortious injury in Oconee County, Georgia caused by an act or omission outside the state of Georgia and it engages in a persistent course of conduct or derives a substantial revenue from goods used or consumed in the State of Georgia, as more fully set forth below.

15.

Further, Defendant Chongqing Industrial is subject to the jurisdiction of this Court because, at the time of the injury that is the subject of this action, it was engaged in regular, continuous, systematic business in Georgia, transacted substantial business in Georgia, had a regular plan for the distribution of its products in Georgia, and derived a substantial amount of revenue from sales of its products in Georgia.

16.

Defendant Hisun Motors is a foreign for-profit corporation organized and doing business under the laws of the State of Texas with its principal office located at 310 E. University Drive, McKinney, TX 75069.

17.

Service may be made upon Defendant Hisun Motors via its registered agent, Qing Dai, at 310 E. University Drive, McKinney, TX 75069 by second original by the Sheriff of Collin

County, Texas, his lawful deputy, or any other person authorized or appointed to serve civil process under the laws of the State of Texas.

18.

Upon information and belief, Defendant Hisun Motors is a wholly-owned subsidiary of Defendant Chongqing Industries.

19.

Defendant Hisun Motors is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91, the Georgia Long Arm Statute, as it committed a tortious injury in Oconee County, Georgia caused by an act or omission outside the state of Georgia and it engages in a persistent course of conduct or derives a substantial revenue from goods used or consumed in the State of Georgia, as more fully set forth below.

20.

Further, Defendant Hisun Motors is subject to the jurisdiction of this Court because, at the time of the injury that is the subject of this action, it was engaged in regular, continuous, systematic business in Georgia, transacted substantial business in Georgia, had a regular plan for the distribution of its products in Georgia, and derived a substantial amount of revenue from sales of its products in Georgia.

21.

Defendant Hisun Holding is a foreign for-profit company organized and doing business under the laws of the State of Texas with its principal office located at 310 E. University Drive, McKinney, TX 75069.

6

EXHIBIT B

22.

Service may be made upon Defendant Hisun Holding via its registered agent, Jason Z. Sun, at 310 E. University Drive, McKinney, TX 75069 by second original by the Sheriff of Collin County, Texas, his lawful deputy, or any other person authorized or appointed to serve civil process under the laws of the State of Texas.

23.

Upon information and belief, Defendant Hisun Holding is a wholly-owned subsidiary of Defendant Chongqing Industries.

24.

Defendant Hisun Holding is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91, the Georgia Long Arm Statute, as it committed a tortious injury in Oconee County, Georgia caused by an act or omission outside the state of Georgia and it engages in a persistent course of conduct or derives a substantial revenue from goods used or consumed in the State of Georgia, as more fully set forth below.

25.

Further, Hisun Holding is subject to the jurisdiction of this Court because, at the time of the injury that is the subject of this action, it was engaged in regular, continuous, systematic business in Georgia, transacted substantial business in Georgia, had a regular plan for the distribution of its products in Georgia, and derived a substantial amount of revenue from sales of its products in Georgia.

7

EXHIBIT B

26.

Defendant Wal-Mart Associates, Inc. is a foreign profit corporation organized and existing under the laws of the State of Delaware with its principal office located at 702 SW 8th Street, Bentonville, AR 72716.

27.

Defendant Wal-Mart Stores East, LP (Delaware) is a foreign limited partnership organized and existing under the laws of the State of Delaware with its principal office located at 702 SW 8th Street, Bentonville, AR 72716.

28.

Defendant Wal-Mart INC. is a foreign profit corporation organized and existing under the laws of the State of Delaware with its principal office located at 702 SW 8th Street, Bentonville, AR 72716.

29.

Defendant Wal-Mart TRS, LLC is a foreign limited liability company organized and existing under the laws of the State of Delaware with its principal office located at 702 SW 8th Street, Bentonville, AR 72716.

30.

Defendant Walmart Claims Services, Inc. is a foreign profit corporation organized and existing under the laws of the State of Arkansas with its principal office located at 702 SW 8th Street, Bentonville, AR 72716.

EXHIBIT B

31.

Each of the Wal-Mart Defendants may be served through its registered agent in the State of Georgia, The Corporation Company (FL) at 106 Colony Park Drive, Ste. 800-B, Cumming, GA 30040-2794.

32.

Each of the Wal-Mart Defendants is subject to the jurisdiction of this Court as they are each registered to do business in the State of Georgia.

33.

All of the Defendants are joint tort-feasors as their independent or concerted negligent acts combined to produce a single, indivisible injury to the Plaintiff, as more fully set forth below, and they are subject to the jurisdiction of the Court.

34.

Jurisdiction and venue are proper in this Court.

**FACTS**

35.

Paragraphs 1-34 are incorporated herein by reference.

36.

The injury on which this action is based occurred in Oconee County, Georgia.

37.

Plaintiff is, and at all times mentioned in this action was, a resident of Oconee County, Georgia.

9

38.

Plaintiff is informed and believes, and based on that alleges, that Defendant PPG designed, manufactured, assembled, marketed and distributed the Coleman KT196, Serial No. LWGGCML0XGA005512 (hereinafter the "Go-Kart") which was involved in the accident that is the subject of this lawsuit.

39.

Defendant PPG is in the business of designing, manufacturing, marketing, distributing, assembling, maintaining, repairing, and selling the Go-Kart and similar vehicles in the State of Georgia.

40.

Plaintiff is informed and believes, and based on that alleges, that Defendant PPG intended for its products, including the Go-Kart, to be sold and used in the state of Georgia, had a regular plan for distribution of its products, including the Go-Kart, in the state of Georgia, and derived a substantial amount of revenue from the sale of its products in the state of Georgia.

41.

Plaintiff is informed and believes, and based on that alleges, that Defendant Chongqing Industries designed, manufactured, assembled, marketed and distributed the Go-Kart.

42.

Defendant Chongqing Industries is in the business of designing, manufacturing, marketing, distributing, assembling, maintaining, repairing, and selling the Go-Kart and similar vehicles in the State of Georgia.

10

43.

Plaintiff is informed and believes, and based on that alleges, that Defendant Chongqing Industries intended for its products, including the Go-Kart, to be sold and used in the state of Georgia, had a regular plan for distribution of its products, including the Go-Kart, in the state of Georgia, and derived a substantial amount of revenue from the sale of its products, including the Go-Kart, in the state of Georgia.

44.

Plaintiff is informed and believes, and based on that alleges, that Defendant Chongqing Industrial designed, manufactured, assembled, marketed and distributed the Go-Kart.

45.

Defendant Chongqing Industrial is in the business of designing, manufacturing, marketing, distributing, assembling, maintaining, repairing, and selling the Go-Kart and similar vehicles in the State of Georgia.

46.

Plaintiff is informed and believes, and based on that alleges, that Defendant Chongqing Industrial intended for its products, including the Go-Kart, to be sold and used in the state of Georgia, had a regular plan for distribution of its products, including the Go-Kart, in the state of Georgia, and derived a substantial amount of revenue from the sale of its products, including the Go-Kart, in the state of Georgia.

47.

Plaintiff is informed and believes, and based on that alleges, that Defendants Hisun Motors and Hisun Holding designed, manufactured, assembled, marketed and distributed the Go-Kart.

11

EXHIBIT B

48

Defendants Hisun Motors and Hisun Holding are in the business of designing, manufacturing, marketing, distributing, assembling, maintaining, repairing, and selling the Go-Kart and similar vehicles in the State of Georgia.

49.

Plaintiff is informed and believes, and based on that alleges, that Defendants Hisun Motors and Hisun Holding are the U.S.-based subsidiaries or affiliates of Defendant Chongqing Industries and/or Defendant Chongqing Industrial and carry those Defendants' U.S. business operations, such as overseeing importation of products and arranging shipments to U.S. distributors on behalf of Defendant Chongqing Industries and/or Defendant Chongqing Industrial.

50.

Plaintiff is informed and believes, and based on that alleges, that Defendant Hisun Motors and/or Defendant Hisun Holding facilitated the distribution and marketing of Defendant Chongqing Industries and Defendant Chongqing Industrial's products in the state of Georgia, had a regular plan for the distribution of Defendant Chongqing Industries and Defendant Chongqing Industrial's products, including the Go-Kart, in the state of Georgia, and derived a substantial amount of revenue from the sale of Defendant Chongqing Industries and Defendant Chongqing Industrial's products, including the Go-Kart, in the state of Georgia.

51.

Plaintiff is informed and believes, and based on that alleges, that Defendants Hisun Motors and/or Hisun Holding intended for their products, including the Go-Kart, to be sold and used in the state of Georgia, had a regular plan for distribution of their products, including the

12

EXHIBIT B

Go-Kart, in the state of Georgia, and derived a substantial amount of revenue from the sale of their products, including the Go-Kart, in the state of Georgia.

52.

The Wal-Mart Defendants, or some of them, purchased the Go-Kart, and other similar products, for sale directly to consumers, and distributed, marketed, advertised, offered for sale, and actually sold the Go-Kart and other similar products.

53.

The Wal-Mart Defendants, or some of them, are in the business of marketing, advertising, distributing, offering for sale, and selling the Go-Kart and other similar products.

54.

All the Defendants either knew or should have known that the Go-Kart was defective at the time it was sold and prior to the accident that gave rise to the Plaintiff's injuries set out below.

55.

Despite their advance knowledge, all of the Defendants negligently failed to warn of the hazards presented by the defective Go-Kart, recall the Go-Kart, cease marketing the Go-Kart, and cease selling the Go-Kart.

56.

On or about December 19, 2016, the Go-Kart was purchased at a Walmart store located at 1911 Epps Bridge Pkwy, Athens, GA 30606.

57.

On or about February 18, 2018, Plaintiff was operating the Go-Kart in an off-road area in Oconee County, Georgia.

EXHIBIT B

58.

The Go-Kart was intended to be used and operated in off-road areas such as the place where the accident occurred and was being used in a foreseeable fashion when the accident occurred.

59.

On or about February 18, 2018, the front left steering assembly of the Go-Kart failed as the Go-Kart was being operated by Plaintiff, causing Plaintiff to lose control of the Go-Kart.

60.

As a direct and proximate result of the failure of the steering assembly, Plaintiff lost control of the Go-Kart and it rolled over three times breaking her left arm and pinning her inside the Go-Kart.

61.

As the Go-Kart rolled, the brush guard assembly failed and pinned Plaintiff inside the Go-Kart so that she could not escape, which failure required that the Go-Kart be disassembled by emergency personnel so that Plaintiff could be transported to the hospital.

62.

As a direct and proximate result of the failure of the brush guard assembly, Plaintiff suffered additional injuries, damages, pain and suffering, and disability resulting from her being pinned inside the Go-Kart.

63.

As a direct and proximate result of the crash described above, Plaintiff suffered a left distal humerus fracture, as well as nerve damage to her left leg and foot, abrasions and other injuries to her body.

14

**EXHIBIT B**

64.

On or about February 19, 2018, Plaintiff received surgical intervention to repair her left distal humerus fracture at Piedmont Athens Regional Medical Center located at 1199 Prince Ave, Athens, GA 30606.

65.

Plaintiff underwent a subsequent surgery to her left arm in November of 2018 at Piedmont Athens Regional Medical Center located at 1199 Prince Ave, Athens, GA 30606.

66.

From approximately March 13, 2018 to approximately December 9, 2019, Plaintiff received post-surgical and follow-up therapy and treatment from Piedmont Athens Regional Medical Center and other providers on numerous occasions.

67.

As a direct and proximate result of the injuries she sustained caused by the defective Go-Kart, Plaintiff incurred medical expenses in the following amounts (not by way of limitation):

1. Piedmont Athens Regional Medical Center - Emergency room admission; surgical intervention and pre-/post-operative care - $93,757.01

2. Piedmont Athens Regional Medical Center - Post-surgical and follow-up therapy and treatment from 3/13/2018-12/09-2019 - $74,833.54

3. Medical Center Anesthesiology of Athens - $2,002.00

4. Athens Radiology Associates, P.C. - $263.00

5. Athens Orthopedic Clinic - $7,531.00

6. National EMS - $933.20

15

7.  Georgia Emergency Medicine SPC - $1,008.50

68.

As a direct and proximate result of the crash described above, Plaintiff received plates and screws in her left elbow, underwent a second surgery to remove scar tissue, and for other purposes, suffered severe nerve damage to her left arm, and suffered severe nerve damage and loss of sensation in her left leg and foot.

69.

As a further direct and proximate result of the crash described above, Plaintiff was homebound for approximately two months during which time she was unable to attend school and extracurricular activities and engage in other activities in which she could engage prior to the crash.

70.

As a further direct and proximate result of the crash described above, Plaintiff underwent approximately thirteen months of physical and occupational therapy owing to which she missed school and extracurricular activities and was otherwise unable to participate in the activities in which she participated prior to the crash.

71.

As a further direct and proximate result of the crash described above, Plaintiff was hurt and injured in her health, strength and activity and sustained injury to her body and shock and injury to her nervous system, causing her physical, mental and nervous pain and suffering, all to her general damage in a sum within the Court's jurisdiction.

16

EXHIBIT B

72.

Said physical and mental pain and suffering continues to this day and will continue for the remainder of Plaintiff's life.

73.

As a further direct and proximate result of the above, Plaintiff has experienced significant loss of enjoyment of life, ongoing pain and suffering, and disability that interferes with her day-to-day activities on an ongoing basis

74.

Plaintiff was not negligent in any manner.

## COUNT I-STRICT LIABILITY

75.

Paragraphs 1-74 are incorporated herein by reference.

76.

Defendant Chongqing Industries, Defendant Chongqing Industrial, Defendant PPG, Defendant Hisun Motors, and/or Defendant Hisun Holding manufactured the Go-Kart, which was sold as new through some or all of the Defendants.

77.

Plaintiff, a natural person, used the Go-Kart in the normal, foreseeable fashion and for the purposes for which the Go-Kart was intended, namely, off-road riding and suffered injuries when the steering assembly and brush guard assembly failed in the manner described above.

78.

Due to the faulty steering assembly and brush guard assembly, the Go-Kart, when sold by Defendants Chongqing Industries, Chongqing Industrial, PPG, Hisun Motors and/or Hisun

17

EXHIBIT B

Holding, was not merchantable and reasonably suited to the use intended, and its condition when sold, including the faulty steering assembly and brush guard assembly, was the proximate cause of the injuries sustained by Plaintiff.

## COUNT II-NEGLIGENCE

79.

Paragraphs 1-78 are incorporated herein by reference.

80.

Defendants Chongqing Industries, Chongqing Industrial, PPG, Hisun Motors, and Hisun Holding were under a duty to exercise reasonable care in designing, manufacturing, assembling, and distributing the Go-Kart and in ensuring that all necessary warnings regarding the Go-Kart's dangerous propensities, dangerous handling characteristics, and defective parts were included with the Go-Kart.

81.

Defendants Chongqing Industries, Chongqing Industrial, PPG, Hisun Motors, and/or Hisun Holding failed to exercise reasonable care in designing, manufacturing, assembling, and distributing the Go-Kart and in ensuring that all necessary warnings regarding the Go-Kart's dangerous propensities, dangerous handling characteristics, and defective parts were included with the Go-Kart.

82.

At the time the Go-Kart was designed, manufactured, assembled, marketed and distributed, it was defective with respect to the design of its front left steering assembly and handling characteristics leaving the steering assembly likely to fail and cause the Go-Kart to

become uncontrollable. It was further defective and unsafe for its intended purpose, in that it failed to provide adequate warnings and instructions to the users of the vehicle.

83.

At the time the Go-Kart was designed, manufactured, assembled, marketed and distributed, it was defective with respect to the design of its brush guard assembly leaving the brush guard assembly likely to fail and cause injuries to occupants of the Go-Kart in the event of a roll-over accident such as occurred in the case *sub judice*.

84.

Plaintiff is informed and believes, and on that information and belief alleges, that there may be other as yet undiscovered defects in the Go-Kart that, together or individually, proximately caused or contributed to the accident, injuries and damages described in this complaint.

85.

On or about February 18, 2018, as a direct and proximate result of the above defects and negligence, the Go-Kart failed and malfunctioned while being used and operated in a foreseeable fashion causing the accident, injuries and damages to Plaintiff as described in this complaint.

## COUNT III - NEGLIGENCE

86.

Paragraphs 1-85 are incorporated herein by reference.

87.

Prior to the sale of the Go-Kart, all the Defendants knew or should have known that the Go-Kart was defective and that the steering assembly and brush guard assembly were likely to

fail in the manners described above and cause injuries to the occupants of the Go-Kart such as the injuries suffered by Plaintiff.

88.

Prior to the accident described above, all the Defendants knew or should have known that the Go-Kart was defective and that the steering assembly and brush guard assembly were likely to fail in the manners described above and cause injuries to the occupants of the Go-Kart such as the injuries suffered by Plaintiff.

89.

Both before the sale of the Go-Kart and before the accident described above, all the Defendants were under a duty to warn of the dangerous defects, recall the Go-Kart, cease marketing the Go-Kart, and cease selling the Go-Kart.

90.

Despite their advance knowledge, all the Defendants negligently failed to warn of the dangerous defects, recall the Go-Kart, cease marketing the Go-Kart, and cease selling the Go-Kart.

91.

As a direct and proximate result of the Defendants' failures to warn of the dangerous defects, recall the Go-Kart, cease marketing the Go-Kart, and cease selling the Go-Kart, Plaintiff was unaware of and unnecessarily exposed to the hazards presented by the defective parts and was injured when the parts failed.

**DAMAGES**

20

92.

Paragraphs 1-91 are incorporated herein by reference.

93.

To date, Plaintiff has incurred significant damages caused by the incident herein including past, present and future pain and suffering, loss of enjoyment of life, ongoing medical expenses, and disability in amounts to be proved at trial.

94.

Plaintiff suffers from continued limited use of her left arm, substantial pain in her left arm and left foot and leg, and continued disability, and will continue to suffer same for the remainder of her life.

95.

As a direct and proximate result of Defendants' actions, Defendants are indebted to Plaintiff for her past, present, and future medical bills, pain and suffering, disability, and lost earnings.

96.

Plaintiff will set forth by amendment the medical expenses incurred for her November 2018 surgical procedure and all other necessary expenses, including physical therapy and rehabilitation.

**WHEREFORE**, Plaintiff prays for the following relief:

    (a) That she have judgment against Defendants for an amount to be proved at trial for reasonable and necessary past, present, and future medical expenses and costs in an amount to be determined in accordance with the enlightened conscience of the jury;

    (b) That she have judgment against Defendants for a just and equitable sum that will fairly and adequately compensate Plaintiff for the past, present, and future loss and damages Plaintiff has sustained and will sustain and for pain and suffering, loss of enjoyment of life, and disability, as provided by law, in an amount of not less than $750,000.00;

21

EXHIBIT B

(c) That costs be cast against Defendants;
(d) That she have a trial by jury on all issues so triable; and
(e) That this Court order such further relief as it deems just and proper.


/s/ David W. Griffeth                          /s/ J. Bryant Oliver
David W. Griffeth                              J. Bryant Oliver
State Bar No. 310600                           State Bar No. 189766
Attorney for Plaintiff                         Attorney for Plaintiff
davidwgriffethlaw@gmail.com                    jbryantoliverlaw@gmail.com


220 College Avenue, Suite 606
Athens, Georgia 30601
(706) 353-1360


22

EXHIBIT

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
6/30/2023 10:26 PM
GREG G. ALLEN
CLERK OF THE SUPERIOR COURTS
23CV-1032-2
JUDGE DICKINSON, DAVID L.

## RETURN OF SERVICE

**State of Georgia**                    **County of Forsyth**                    **Superior Court**

Case Number: 23CV-1032-2

Plaintiff:
**ALICIA SHEA CARNES-VIETEZ**

vs.

Defendant:
**PERFORMANCE POWERSPORTS GROUP, INC., f/k/a RICH GODFREY
& ASSOCIATES, INC. d/b/a COLEMAN POWERSPORTS; et al**

For:
J. Bryant Oliver
220 College Ave, Ste 612
Athens, GA 30601

Received these papers on the 30th day of June, 2023 at 12:18 pm to be served on **PERFORMANCE
POWERSPORTS GROUP, INC. fka RICH GODFREY & ASSOCIATES, INC. d/b/a COLEMAN
POWERSPORTS, c/o Incorp Services, Inc., Statutory Agent, 8825 N 23rd Ave, Ste 100, Phoenix, AZ
85021**.

I, Jennifer Aymong, Process Server, do hereby affirm that on the **30th day of June, 2023** at **1:12 pm, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **Summons; Complaint** to:  **MIKE
VERNON** as a **SERVICE OF PROCESS COORDINATOR, a person authorized to accept service** at
the address of: **8825 N 23rd Ave, Ste 100, Phoenix, AZ 85021** on behalf of  **PERFORMANCE
POWERSPORTS GROUP, INC. fka RICH GODFREY & ASSOCIATES, INC. d/b/a COLEMAN
POWERSPORTS**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 61, Sex: M, Race/Skin Color: Caucasian, Height: 5'6", Weight: 270,
Hair: Balding, Glasses: Y

At the time of service I was at least 21 years of age and not a party to this action. I declare under penalty
of perjury under the laws of the State of Arizona that the foregoing is true and correct.

**Jennifer Aymong, Process Server**    **06/30/2023**
Maricopa County #MC-8944

Our Job Serial Number: GUR-2023001798
Ref: 23CV-1032-2 - Performance Powersports

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
7/15/2023 9:27 PM
GREG G. ALLEN
CLERK OF THE SUPERIOR COURTS
23CV-1032-2
JUDGE DICKINSON, DAVID L.

**EXHIBIT B**

## AFFIDAVIT OF SERVICE

**State of Georgia**                               **County of Forsyth**

Case Number: 23CV-1032-2                                                        **SUPERIOR Court**



LAW2023000762

Plaintiff: **ALICIA SHEA CARNES-VIEITEZ,**
vs.
Defendant: **PERFORMANCE POWERSPORTS GROUP, INC. f/k/a RICH GODFREY & ASSOCIATES, INC. d/b/a COLEMAN POWERSPORTS, CHONGQING HUANSONG INDUSTRIES (GROUP) CO., LTD., CHONGQING HUANSONG SCIENCE AND TECHNOLOGY INDUSTRIAL CO., LTD., HISUN MOTORS CORP., USA, HISUN HOLDING GROUP COMPANY, WAL-MART ASSOCIATES, INC., WAL-MART STORES EAST, LP (DELAWARE), WALMART INC., WAL-MART TRS, LLC, and WALMART CLAIMS SERVICES, INC.,**

Received by Civil Process Direct, LLC on the 30th day of June, 2023 at 8:10 pm to be served on **Chongqing Huansong Science and Technology Industrial Co., Ltd., by delivering to its authorized agent, Qing Dai, Hisun Motors Corp., U.S.A., 310 E. University Dr., Ste. 106, McKinney, TX 75069-1872.**

I, Michael Hernandez, being duly sworn, depose and say that on the **11th day of July, 2023** at **11:54 am, I:**

executed service upon an **AUTHORIZED** entity by delivering a true copy of the **SUMMONS WITH COMPLAINT** with the date of service endorsed thereon by me, to: **Qing Dai** as **authorized agent** at the address of: **310 E. University Dr., Ste. 106, McKinney, TX 75069-1872,** who accepted service for **Chongqing Huansong Science and Technology Industrial Co., Ltd.,**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 50, Sex: M, Race/Skin Color: ASIAN, Height: 5'8', Weight: 180, Hair: BLACK, Glasses: N

"I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the State of Texas. I have never been convicted of a felony or misdemeanor involving moral turpitude in any state or federal jurisdiction. I declare that I have personal knowledge of these facts and the statements are true and correct."

*State of Texas, County of Dallas*
Subscribed and sworn to before me on the 15th day of July, 2023 by the affiant who is personally known to me.

_____
Notary Public

**Michael Hernandez**
PSC4593 Exp. 7/31/25

**Civil Process Direct, LLC**
**706 Main Street**
**Ste 100**
**Dallas, TX 75202**
**(214) 651-7111**

Our Job Serial Number: LAW-2023000762

JASON MARCUS COHEN
NOTARY PUBLIC
STATE OF TEXAS
ID# 3102653
EXPIRES 4-23-2026

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2n

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
7/24/2023 1:56 PM
GREG G. ALLEN
CLERK OF THE SUPERIOR COURTS
23CV-1032-2
JUDGE DICKINSON, DAVID L.

**ARAPAHOE** ☆ **SHERIFF**
*SERVING WITH INTEGRITY*
*SINCE 1858*

**Civil Unit - Return of Service**

13101 E. Broncos Parkway | Centennial, Colorado 80112

ACCIV2305065
Docket Number:

IN THE SUPERIOR COURT OF THE STATE OF GEORGIA

IN AND FOR THE COUNTY OF FORSYTH

PLAINTIFF    )   ALICIA CARNES-VIEITEZ
             )
    VS       )
             )
DEFENDANT    )

CIVIL ACTION NO.:

RETURN OF SERVICE ON:  CHONGQING HUANSONG SCIENCE AND
TECHNOLOGY INDUSTRIAL CO LTD

STATE OF COLORADO      )
                       ) ss
COUNTY OF ARAPAHOE     )

   I **Ruybal, Daniel 01019** being first duly sworn on oath, depose and say; that I am a citizen of the United States and a resident of the State of Colorado, over the age of twenty-one years. That I am not a party to, nor interested in the above entitled action; that I am a Deputy Sheriff in the County of Arapahoe, State of Colorado; that I received the SUMMONS on 07/17/2023, and served the same to CHONGQING HUANSONG SCIENCE AND TECHNOLOGY INDUSTRIAL CO LTD by handing to and leaving with SAMANTHA PECK FOR NATIONAL REGISTERED AGENTS INC, INTAKE SPECIALIST said INTAKE SPECIALIST being over the age of 18 years and found at their usual place of abode/business at 7700 E ARAPAHOE RD 220, CENTENNIAL, ARAPAHOE COUNTY, COLORADO 80112, a true copy thereof, together with copy of: COMPLAINT attached thereto.

Dated: July 18, 2023

Comments: REGISTERED AGENT FOR CHONGQING HUANSONG SCIENCE AND TECHNOLOGY INDUSTRIAL CO LTD

TYLER S. BROWN, SHERIFF
ARAPAHOE COUNTY, COLORADO

_____
RUYBAL, DANIEL 01019 - DEPUTY SHERIFF

Subscribed and sworn before me this

___ day of JULY 2023

_____
Notary Public for the State of Colorado

ILIANA CARRASQUILLO CRUZ
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 200224005404
MY COMMISSION EXPIRES FEBRUARY 8, 2026

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
7/15/2023 9:27 PM
GREG G. ALLEN
CLERK OF THE SUPERIOR COURTS
23CV-1032-2
JUDGE DICKINSON, DAVID L.

**EXHIBIT B**

## AFFIDAVIT OF SERVICE

State of Georgia        County of Forsyth        **SUPERIOR Court**

Case Number: 23CV-1032-2



LAW2023000764

Plaintiff: **ALICIA SHEA CARNES-VIEITEZ,**
vs.
Defendant: **PERFORMANCE POWERSPORTS GROUP, INC. f/k/a RICH GODFREY & ASSOCIATES, INC. d/b/a COLEMAN POWERSPORTS, CHONGQING HUANSONG INDUSTRIES (GROUP) CO., LTD., CHONGQING HUANSONG SCIENCE AND TECHNOLOGY INDUSTRIAL CO., LTD., HISUN MOTORS CORP., USA, HISUN HOLDING GROUP COMPANY, WAL-MART ASSOCIATES, INC., WAL-MART STORES EAST, LP (DELAWARE), WALMART INC., WAL-MART TRS, LLC, and WALMART CLAIMS SERVICES, INC.,**

Received by Civil Process Direct, LLC on the 30th day of June, 2023 at 8:10 pm to be served on **Chongqing Huansong Industries (Group) Co., Ltd., by delivering to its authorized agent, Qing Dai, Hisun Motors Corp, 310 E. University Dr., Ste. 106, McKinney, TX 75069-1872**.

I, Michael Hernandez, being duly sworn, depose and say that on the **11th day of July, 2023** at **11:54 am, I:**

executed service upon an **AUTHORIZED** entity by delivering a true copy of the **SUMMONS WITH COMPLAINT** with the date of service endorsed thereon by me, to: **Qing Dai** as **authorized agent** at the address of: **310 E. University Dr., Ste. 106, McKinney, TX 75069-1872,** who accepted service for **Chongqing Huansong Industries (Group) Co., Ltd.,** , and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 50, Sex: M, Race/Skin Color: ASIAN, Height: 5'8', Weight: 180, Hair: BLACK, Glasses: N

"I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the State of Texas. I have never been convicted of a felony or misdemeanor involving moral turpitude in any state or federal jurisdiction. I declare that I have personal knowledge of these facts and the statements are true and correct."

*State of Texas, County of Dallas*
Subscribed and sworn to before me on the 15th day of July, 2023 by the affiant who is personally known to me.

Notary Public

**Michael Hernandez**
PSC4593 Exp. 7/31/25

**Civil Process Direct, LLC**
**706 Main Street**
**Ste 100**
**Dallas, TX 75202**
**(214) 651-7111**

Our Job Serial Number: LAW-2023000764

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2n

JASON MARCUS COHEN
NOTARY PUBLIC
STATE OF TEXAS
ID# 3102653
EXPIRES 4-23-2026

FORSYTH COUNTY, GEORGIA
**EXHIBIT B** FILED IN THIS OFFICE
7/27/2023 7:36 PM
GREG G. ALLEN
CLERK OF THE SUPERIOR COURTS
23CV-1032-2
JUDGE DICKINSON, DAVID L.



SERVING WITH INTEGRITY

**Civil Unit - Return of Service**

13101 E. Broncos Parkway | Centennial, Colorado 80112

ACCIV2305064
Docket Number:

IN THE SUPERIOR COURT OF THE STATE OF GEORGIA

IN AND FOR THE COUNTY OF FORSYTH

| | | |
|---|---|---|
| PLAINTIFF | ) | ALICIA CARNES-VIEITEZ |
| | ) | |
| VS | ) | |
| | ) | |
| DEFENDANT | ) | |

CIVIL ACTION NO.:

RETURN OF SERVICE ON: CHONGQING HUANSONG INDUSTRIES (GROUP) CO LTD

| | |
|---|---|
| STATE OF COLORADO | ) |
| | ) ss |
| COUNTY OF ARAPAHOE | ) |

I **Ruybal, Daniel 01019** being first duly sworn on oath, depose and say; that I am a citizen of the United States and a resident of the State of Colorado, over the age of twenty-one years. That I am not a party to, nor interested in the above entitled action; that I am a Deputy Sheriff in the County of Arapahoe, State of Colorado; that I received the SUMMONS on 07/17/2023, and served the same on the **17** day of **July 2023**, at **01:38 PM** by handing to and leaving with SAMANTHA PECK FOR NATIONAL REGISTERED AGENTS INC, INTAKE SPECIALIST said INTAKE SPECIALIST being over the age of 18 years and found at their usual place of abode/business at 7700 E ARAPAHOE RD 220, CENTENNIAL, ARAPAHOE COUNTY, COLORADO 80112, a true copy thereof, together with copy of: COPMLAINT attached thereto.

Dated: July 18, 2023

Comments: REGISTERED AGENT FOR CHONGQING HUANSONG INDUSTRICES (GROUP) CO LTD

TYLER S. BROWN, SHERIFF
ARAPAHOE COUNTY, COLORADO

RUYBAL, DANIEL 01019 - DEPUTY SHERIFF

Subscribed and sworn before me this

20 day of JULY 2023

Notary Public for the State of Colorado

ILIANA CARRASQUILLO CRUZ
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 200224005404
MY COMMISSION EXPIRES FEBRUARY 8, 2026

EXHIBIT B

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
7/15/2023 9:27 PM
GREG G. ALLEN
CLERK OF THE SUPERIOR COURTS
23CV-1032-2
JUDGE DICKINSON, DAVID L.

## AFFIDAVIT OF SERVICE

**State of Georgia**  **County of Forsyth**

Case Number: 23CV-1032-2

**SUPERIOR Court**

Plaintiff: **ALICIA SHEA CARNES-VIEITEZ,**
vs.
Defendant: **PERFORMANCE POWERSPORTS GROUP, INC. f/k/a RICH GODFREY & ASSOCIATES, INC. d/b/a COLEMAN POWERSPORTS, CHONGQING HUANSONG INDUSTRIES (GROUP) CO., LTD., CHONGQING HUANSONG SCIENCE AND TECHNOLOGY INDUSTRIAL CO., LTD., HISUN MOTORS CORP., USA, HISUN HOLDING GROUP COMPANY, WAL-MART ASSOCIATES, INC., WAL-MART STORES EAST, LP (DELAWARE), WALMART INC., WAL-MART TRS, LLC, and WALMART CLAIMS SERVICES, INC.,**

LAW2023000770

Received by Civil Process Direct, LLC on the 30th day of June, 2023 at 8:10 pm to be served on **Hisun Motors Corp., U.S.A., by delivering to its authoized agent, Qing Dai, 310 E. University Dr., Ste. 106, McKinney, TX 75069-1872.**

I, Michael Hernandez, being duly sworn, depose and say that on the **11th day of July, 2023** at **11:54 am, I:**

executed service upon an **AUTHORIZED** entity by delivering a true copy of the **SUMMONS WITH COMPLAINT** with the date of service endorsed thereon by me, to: **Qing Dai** as **authoized agent** at the address of: **310 E. University Dr., Ste. 106, McKinney, TX 75069-1872,** who accepted service for **Hisun Motors Corp., U.S.A.,**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 50, Sex: M, Race/Skin Color: ASIAN, Height: 5'8', Weight: 180, Hair: BLACK, Glasses: N

"I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the State of Texas. I have never been convicted of a felony or misdemeanor involving moral turpitude in any state or federal jurisdiction. I declare that I have personal knowledge of these facts and the statements are true and correct."

State of TX, County of Dallas

Subscribed and sworn to before me on the 15th day of July, 2023 by the affiant who is personally known to me.

Notary Public

**Michael Hernandez**
PSC4593 Exp. 7/31/25

**Civil Process Direct, LLC**
**706 Main Street**
**Ste 100**
**Dallas, TX 75202**
**(214) 651-7111**

Our Job Serial Number: LAW-2023000770

JASON MARCUS COHEN
NOTARY PUBLIC
STATE OF TEXAS
ID# 3102653
EXPIRES 4-23-2026

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2n

EXHIBIT B

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FORSYTH COUNTY, GEORGIA

**23CV-1032-2**

Judge David L. Dickinson
JUL 07, 2023 12:03 PM

Greg G. Allen, Clerk
Forsyth County, Georgia

**SHERIFF'S ENTRY OF SERVICE**

## SHERIFF'S ENTRY OF SERVICE

| | |
|---|---|
| Superior Court ✓ | Magistrate Court |
| State Court ☐ | Probate Court |
| Juvenile Court ☐ | |

Civil Action No. __23CV-1032-2__

Date Filed __06/28/2023__

Georgia, __Forsyth__ COUNTY

Attorney's Address
J. Bryant Oliver and
David W. Griffeth
220 College Ave., Ste. 606
Athens, GA 30601
jbryantoliverlaw@gmail.com
davidwgriffethlaw@gmail.com

Alicia Carnes-Vieitez

_____ Plaintiff

VS.

Name and Address of Party to be Served.
Wal-Mart Associates, Inc.

via The Corporation Company (FL)

106 Colony Park Dr., Ste. 800-B

Cumming, GA 30040-2974
79

Performance Powersports Group, Inc., et al.

_____ Defendant

_____ Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐
I have this day served the defendant_____personally with a copy
of the within action and summons.

I have this day served the defendant_____by leaving a
copy of the action and summons at his most notorious place of abode in this County.

**NOTORIOUS** ☐
Delivered same into hands of_____described as follows:
age, about _____years; weight _____pounds; height, about_____ feet and_____ inches, domiciled at the residence of
defendant.

**CORPORATION** ☐
Served the defendant_____Wal-Mart Associates, Inc._____a corporation
by leaving a copy of the within action and summons with The Corporation Company (FL) Dayren Jackson
in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the
premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail,
First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed
thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐
Diligent search made and defendant_____
not to be found in the jurisdiction of this court.

This __6th__ day of __July__, 20 __23__.

_____
Forsyth County Sheriff's Office DEPUTY

SHERIFF DOCKET          PAGE                    WHITE-CLERK    CANARY-PLAINTIFF    PINK-DEFENDANT

EXHIBIT B

## Civil Paper - CIVIL PAPER

*CP64689*

| Civil ID | Case ID | File/Docket # |
|----------|---------|---------------|
| **64689** | | **23CV-1032-2** |

| Officer | Location of Original Copy | Local # |
|---------|---------------------------|---------|
| **BURKE, D. E.** | | |

| PLAINTIFF NAME & ADDRESS | Court | Court Date |
|--------------------------|-------|------------|
| **CARNES-VIEITEZ, ALICIA** | | |

| | Date Issued | Date Received |
|---|-------------|---------------|
| | **06/28/2023** | **07/05/2023** |

| | Disposition | Disposition Date |
|---|-------------|------------------|
| | **Active** | **07/05/2023** |

### VERSUS

| DEFENDANT NAME & ADDRESS | SERVE TO ADDRESS: |
|--------------------------|-------------------|
| **WAL-MART ASSOCIATES, INC**<br>**106 Colony Park Dr , 800B**<br>**Cumming,GA  30040** | Beat: **S32**<br>District: **STH**<br>ReportArea: **COM1**   Neighbhd:   SubDivsn: |

DEFENDANT NAME & ADDRESS

| Race / Sex / DOB | SSN |
|------------------|-----|
| | |

Employer Information

| Home Phone | Work Phone | Notes (for above Defendant) |
|------------|------------|-----------------------------|
| | | |

Alerts

### SERVICE NOTES

VIA THE CORPORATION COMPANY(FL)   [07/05/2023 11:28, AWODTKE, 3073, FCSO]

### FIRST ATTEMPT

| Successful<br>☐ Yes  ☐ No | Date | Time | Officer | Who Served |
|---------------------------|------|------|---------|------------|

| Where Served<br>Serve To Address: | Comments (include new address) |
|-----------------------------------|--------------------------------|

### SECOND ATTEMPT

| Successful<br>☐ Yes  ☐ No | Date | Time | Officer | Who Served |
|---------------------------|------|------|---------|------------|

| Where Served | Comments (include new address) |
|--------------|--------------------------------|

### THIRD ATTEMPT

| Successful<br>☐ Yes  ☐ No | Date | Time | Officer | Who Served |
|---------------------------|------|------|---------|------------|

| Where Served | Comments (include new address) |
|--------------|--------------------------------|

EXHIBIT B

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FORSYTH COUNTY, GEORGIA

**23CV-1032-2**

Judge David L. Dickinson
JUL 07, 2023 12:02 PM

Greg G. Allen, Clerk
Forsyth County, Georgia

## SHERIFF'S ENTRY OF SERVICE

### SHERIFF'S ENTRY OF SERVICE

| | |
|---|---|
| Superior Court | ✓ |
| State Court | ☐ |
| Juvenile Court | ☐ |
| Magistrate Court | ☐ |
| Probate Court | ☐ |

Civil Action No. __23CV-1032-2__

Date Filed __06/28/2023__

Georgia, __Forsyth__ COUNTY

Attorney's Address
J. Bryant Oliver and
David W. Griffeth
220 College Ave., Ste. 606
Athens, GA 30601
jbryantoliverlaw@gmail.com
davidwgriffethlaw@gmail.com

**Alicia Carnes-Vieitez**

Plaintiff

VS.

Name and Address of Party to be Served.

Walmart Claims Services, Inc.

via The Corporation Company (FL)

106 Colony Park Dr., Ste. 800-B

Cumming, GA 30040-2974
                     79

**Performance Powersports Group, Inc., et al.**

Defendant

Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant_____personally with a copy of the within action and summons.

**NOTORIOUS** ☐ I have this day served the defendant_____by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of_____described as follows:
age, about _____years; weight _____pounds; height, about_____ feet and_____ inches, domiciled at the residence of defendant.

**CORPORATION** ☐ Served the defendant      Walmart Claims Services, Inc.      a corporation
by leaving a copy of the within action and summons with    The Corporation Company (FL)
in charge of the office and place of doing business of said Corporation in the County.    _Dayvon Jackson_

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant_____
not to be found in the jurisdiction of this court.

This __6th__ day of __July__, 20 __23__.

_Forsyth County Sheriff's Office_                    DEPUTY

SHERIFF DOCKET          PAGE          WHITE-CLERK   CANARY-PLAINTIFF   PINK-DEFENDANT

EXHIBIT B

## Civil Paper - CIVIL PAPER

*CP64690*

| Civil ID | Case ID | File/Docket # |
|---|---|---|
| **64690** | | **23CV-1032-2** |

| Officer | | Location of Original Copy | | Local # |
|---|---|---|---|---|
| **BURKE, D. E.** | | | | |

| PLAINTIFF NAME & ADDRESS | Court | | Court Date |
|---|---|---|---|
| **CARNES-VIEITEZ, ALICIA** | | | |
| | Date Issued **06/28/2023** | | Date Received **07/05/2023** |
| | Disposition **Active** | | Disposition Date **07/05/2023** |

### VERSUS

| DEFENDANT NAME & ADDRESS | SERVE TO ADDRESS: |
|---|---|
| **WALMART CLAIMS SERVICES, INC**<br>**106 Colony Park Dr , 800B**<br>**Cumming,GA  30040** | Beat: **S32**   Neighbhd:<br>District: **STH**<br>ReportArea: **COM1**   SubDivsn: |
| | DEFENDANT NAME & ADDRESS |

| Race / Sex / DOB | SSN |
|---|---|

Employer Information

| Home Phone | Work Phone | Notes (for above Defendant) |
|---|---|---|

Alerts

### SERVICE NOTES

**VIA THE CORPORATION COMPANY(FL)     [07/05/2023 11:29, AWODTKE, 3073, FCSO]**

### FIRST ATTEMPT

| Successful<br>☐ Yes   ☐ No | Date | Time | Officer | Who Served |
|---|---|---|---|---|

| Where Served<br>**Serve To Address:** | Comments (include new address) |
|---|---|

### SECOND ATTEMPT

| Successful<br>☐ Yes   ☐ No | Date | Time | Officer | Who Served |
|---|---|---|---|---|

| Where Served | Comments (include new address) |
|---|---|

### THIRD ATTEMPT

| Successful<br>☐ Yes   ☐ No | Date | Time | Officer | Who Served |
|---|---|---|---|---|

| Where Served | Comments (include new address) |
|---|---|

EXHIBIT B

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FORSYTH COUNTY, GEORGIA

**23CV-1032-2**

Judge David L. Dickinson
JUL 07, 2023 12:04 PM

Greg G. Allen, Clerk
Forsyth County, Georgia

**SHERIFF'S ENTRY OF SERVICE**

SHERIFF'S ENTRY OF SERVICE

| | |
|---|---|
| Civil Action No. **23CV-1032-2** | Superior Court ☑     Magistrate Court ☐ |
| | State Court ☐     Probate Court ☐ |
| Date Filed **06/28/2023** | Juvenile Court ☐ |

Georgia, **Forsyth** COUNTY

Attorney's Address
J. Bryant Oliver and
David W. Griffeth
220 College Ave., Ste. 606
Athens, GA 30601
jbryantoliverlaw@gmail.com
davidwgriffethlaw@gmail.com

**Alicia Carnes-Vieitez**

_____ Plaintiff

VS.

Name and Address of Party to be Served.

**Walmart INC.**

**via The Corporation Company (FL)**

**106 Colony Park Dr., Ste. 800-B**

**Cumming, GA 30040-2974**
79

**Performance Powersports Group, Inc., et al.**

_____ Defendant

_____ Garnishee

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL** ☐

I have this day served the defendant_____ personally with a copy
of the within action and summons.

**NOTORIOUS** ☐

I have this day served the defendant_____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of_____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION** ☐

Served the defendant **Walmart INC.** a corporation
by leaving a copy of the within action and summons with **The Corporation Company (FL)**
in charge of the office and place of doing business of said Corporation in the County. Dayron Jackson

**TACK & MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the
premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail,
First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed
thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐

Diligent search made and defendant_____
not to be found in the jurisdiction of this court.

This **6th** day of **July**, 20 **23**.

_____
Forsyth County Sheriff's Office       DEPUTY

SHERIFF DOCKET     PAGE          WHITE-CLERK    CANARY-PLAINTIFF    PINK-DEFENDANT

A    KE **FORSYTH COUNTY SHERIFF'S OFFICE** 07/05/2023 11:41:48

## Civil Paper - CIVIL PAPER

EXHIBIT B

**\*CP64692\***

| Civil ID<br>**64692** | Case ID | File/Docket #<br>**23CV-1032-2** | | |
|---|---|---|---|---|
| Officer<br>**BURKE, D. E.** | | Location of Original Copy | | Local # |

| PLAINTIFF NAME & ADDRESS<br><br>**CARNES-VIEITEZ, ALICIA** | Court | | Court Date |
|---|---|---|---|
| | Date Issued<br>**06/28/2023** | | Date Received<br>**07/05/2023** |
| | Disposition<br>**Active** | | Disposition Date<br>**07/05/2023** |

### VERSUS

| DEFENDANT NAME & ADDRESS<br><br>**WALMART, INC**<br>**106 Colony Park Dr , 800B**<br>**Cumming,GA 30040** | SERVE TO ADDRESS: |
|---|---|
| | Beat: **S32**                                       |

| | | District: **STH** | Neighbhd: |
|---|---|---|---|
| | | ReportArea: **COM1** | SubDivsn: |

DEFENDANT NAME & ADDRESS

| Race / Sex / DOB | SSN |
|---|---|
| Employer Information | |

| Home Phone | Work Phone |
|---|---|
| Alerts | Notes (for above Defendant) |

### SERVICE NOTES

**VIA THE CORPORATION COMPANY(FL)**    **[07/05/2023 11:41, AWODTKE, 3073, FCSO]**

### FIRST ATTEMPT

| Successful<br>☐ Yes  ☐ No | Date | Time | Officer | Who Served |
|---|---|---|---|---|
| Where Served<br>    **Serve To Address:** | | | Comments (include new address) | |

### SECOND ATTEMPT

| Successful<br>☐ Yes  ☐ No | Date | Time | Officer | Who Served |
|---|---|---|---|---|
| Where Served | | | Comments (include new address) | |

### THIRD ATTEMPT

| Successful<br>☐ Yes  ☐ No | Date | Time | Officer | Who Served |
|---|---|---|---|---|
| Where Served | | | Comments (include new address) | |

EXHIBIT B

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FORSYTH COUNTY, GEORGIA

**23CV-1032-2**

**Judge David L. Dickinson**
JUL 07, 2023 12:03 PM

Greg Q. Allen, Clerk
Forsyth County, Georgia

**SHERIFF'S ENTRY OF SERVICE**

### SHERIFF'S ENTRY OF SERVICE

| | |
|---|---|
| Superior Court | ☑ |
| State Court | ☐ |
| Juvenile Court | ☐ |
| Magistrate Court | ☐ |
| Probate Court | ☐ |

Civil Action No. __23CV-1032-2__

Date Filed __06/28/2023__

Georgia, __Forsyth__ COUNTY

Attorney's Address
J. Bryant Oliver and
David W. Griffeth
220 College Ave., Ste. 606
Athens, GA 30601
jbryantoliverlaw@gmail.com
davidwgriffethlaw@gmail.com

Alicia Carnes-Vieitez

_____ Plaintiff

VS.

Name and Address of Party to be Served.
Wal-Mart Stores East, LP (Delaware)

via The Corporation Company (FL)

106 Colony Park Dr., Ste. 800-B

Cumming, GA 30040-2974
79

Performance Powersports Group, Inc., et al.

_____ Defendant

_____ Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant_____ personally with a copy
of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant_____by leaving a
copy of the action and summons at his most notorious place of abode in this County.

☐ Delivered same into hands of_____described as follows:
age, about_____years; weight_____pounds; height, about_____feet and_____inches, domiciled at the residence of
defendant.

**CORPORATION**
☐ Served the defendant __Wal-Mart Stores East, LP (Delaware)__ a corporation
by leaving a copy of the within action and summons with __The Corporation Company (FL)__
in charge of the office and place of doing business of said Corporation in the County. __Dayvon Jackson__

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the
premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail,
First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed
thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
☐ Diligent search made and defendant_____
not to be found in the jurisdiction of this court.

This __6th__ day of __July__, 20__23__.

_____
Forsyth County Sheriff's Office            DEPUTY

SHERIFF DOCKET          PAGE          WHITE-CLERK   CANARY-PLAINTIFF   PINK-DEFENDANT

**EXHIBIT B**

## Civil Paper - CIVIL PAPER

**\*CP64688\***

| Civil ID **64688** | Case ID | File/Docket # **23CV-1032-2** |
| --- | --- | --- |

| Officer **BURKE, D. E.** | Location of Original Copy | Local # |
| --- | --- | --- |

| PLAINTIFF NAME & ADDRESS **CARNES-VIEITEZ, ALICIA** | Court | | Court Date |
| --- | --- | --- | --- |
| | Date Issued **06/28/2023** | | Date Received **07/05/2023** |
| | Disposition **Active** | | Disposition Date **07/05/2023** |

### VERSUS

| DEFENDANT NAME & ADDRESS **WAL-MART STORES, LP(DELWARE)** **106 Colony Park Dr , 800B** **Cumming,GA  30040** | SERVE TO ADDRESS: |
| --- | --- |

Beat: **S32**
District: **STH**      Neighbhd:
ReportArea: **COM1**      SubDivsn:

DEFENDANT NAME & ADDRESS

| Race / Sex / DOB | SSN |
| --- | --- |
| Employer Information | |
| Home Phone | Work Phone |

Notes (for above Defendant)

**Alerts**

### SERVICE NOTES

**VIA THE CORPORATION COMPANY(FL)   [07/05/2023 11:15, AWODTKE, 3073, FCSO]**

### FIRST ATTEMPT

| Successful ☐ Yes  ☐ No | Date | Time | Officer | Who Served |
| --- | --- | --- | --- | --- |
| Where Served  **Serve To Address:** | | | Comments (include new address) | |

### SECOND ATTEMPT

| Successful ☐ Yes  ☐ No | Date | Time | Officer | Who Served |
| --- | --- | --- | --- | --- |
| Where Served | | | Comments (include new address) | |

### THIRD ATTEMPT

| Successful ☐ Yes  ☐ No | Date | Time | Officer | Who Served |
| --- | --- | --- | --- | --- |
| Where Served | | | Comments (include new address) | |

**EXHIBIT B**

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
7/10/2023 5:26 PM
GREG G. ALLEN
CLERK OF THE SUPERIOR COURTS
23CV-1032-2
JUDGE DICKINSON, DAVID L.

**SHERIFF'S ENTRY OF SERVICE**

---

**SHERIFF'S ENTRY OF SERVICE**

Civil Action No. __23CV-1032-2__

Date Filed __06/28/2023__

| | |
|---|---|
| Superior Court | ☑ |
| State Court | ☐ |
| Juvenile Court | ☐ |
| Magistrate Court | ☐ |
| Probate Court | ☐ |

Georgia, _____Forsyth_____ COUNTY

Attorney's Address
J. Bryant Oliver and
David W. Griffeth
220 College Ave., Ste. 606
Athens, GA 30601
jbryantoliverlaw@gmail.com
davidwgriffethlaw@gmail.com

Alicia Carnes-Vieitez

_____
Plaintiff

VS.

Name and Address of Party to be Served.
Wal-Mart Associates, Inc.

via The Corporation Company (FL)

106 Colony Park Dr., Ste. 800-B
Cumming, GA 30040-2974
79

Performance Powersports Group, Inc., et al.
Defendant

_____
Garnishee

---

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL**

I have this day served the defendant_____ personally with a copy
of the within action and summons.

I have this day served the defendant_____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

**NOTORIOUS**

☐ Delivered same into hands of_____described as follows:
age, about _____ years; weight _____ pounds; height, about_____ feet and_____ inches, domiciled at the residence of
defendant.

**CORPORATION**

Served the defendant_____Wal-Mart Associates, Inc._____ a corporation

☐ by leaving a copy of the within action and summons with ___The Corporation Company (FL)_____
in charge of the office and place of doing business of said Corporation in the County.   Dayvon  Jackson

**TACK & MAIL**

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the
premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail,
First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed
thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

☐ Diligent search made and defendant_____
not to be found in the jurisdiction of this court.

This__6th__day of ____July____, 20__23__.

_____
Forsyth County Sheriff's Office

J 803
DEPUTY

SHERIFF DOCKET          PAGE

WHITE-CLERK · CANARY-PLAINTIFF   PINK-DEFENDANT

FORSYTH COUNTY, GEORGIA

**EXHIBIT B** FILED IN THIS OFFICE
7/10/2023 5:26 PM
GREG G. ALLEN
CLERK OF THE SUPERIOR COURTS
23CV-1032-2
JUDGE DICKINSON, DAVID L.

## SHERIFF'S ENTRY OF SERVICE

### SHERIFF'S ENTRY OF SERVICE

|  |  |
|---|---|
| | Superior Court ☑   Magistrate Court ☐ |
| Civil Action No. __23CV-1032-2__ | State Court ☐   Probate Court ☐ |
| | Juvenile Court ☐ |
| Date Filed __06/28/2023__ | Georgia, _____Forsyth_____COUNTY |

Attorney's Address

J. Bryant Oliver and
David W. Griffeth
220 College Ave., Ste. 606
Athens, GA 30601
jbryantoliverlaw@gmail.com
davidwgriffethlaw@gmail.com

Alicia Carnes-Vieitez
_____
Plaintiff

Name and Address of Party to be Served.

Walmart Claims Services, Inc.

via The Corporation Company (FL)

106 Colony Park Dr., Ste. 800-B

Cumming, GA 30040-2974
79

VS.

Performance Powersports Group, Inc., et al.
Defendant

_____
Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant_____personally with a copy
of the within action and summons.

I have this day served the defendant_____by leaving a
copy of the action and summons at his most notorious place of abode in this County.

**NOTORIOUS** ☐ Delivered same into hands of_____described as follows:
age, about _____years; weight _____ pounds; height, about_____ feet and_____ inches, domiciled at the residence of
defendant.

**CORPORATION** ☐ Served the defendant_____Walmart Claims Services, Inc._____a corporation
by leaving a copy of the within action and summons with _____The Corporation Company (FL)_____
in charge of the office and place of doing business of said Corporation in the County. Dayvon Jackson

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the
premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail,
First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed
thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant_____
not to be found in the jurisdiction of this court.

This____6th____day of____July____, 20_23_.

Forsyth County Sheriff's Office          1803          DEPUTY

SHERIFF DOCKET          PAGE          WHITE-CLERK   CANARY-PLAINTIFF   PINK-DEFENDANT

FORSYTH COUNTY, GEORGIA
**EXHIBIT B** FILED IN THIS OFFICE
7/10/2023 5:26 PM
GREG G. ALLEN
CLERK OF THE SUPERIOR COURTS
23CV-1032-2
JUDGE DICKINSON, DAVID L.

## SHERIFF'S ENTRY OF SERVICE

**SHERIFF'S ENTRY OF SERVICE**

Civil Action No. __23CV-1032-2__

Date Filed __06/28/2023__

| | |
|---|---|
| Superior Court | ✓ |
| State Court | ☐ |
| Juvenile Court | ☐ |
| Magistrate Court | ☐ |
| Probate Court | ☐ |

Georgia, __Forsyth__ COUNTY

Attorney's Address
J. Bryant Oliver and
David W. Griffeth
220 College Ave., Ste. 606
Athens, GA 30601
jbryantoliverlaw@gmail.com
davidwgriffethlaw@gmail.com

__Alicia Carnes-Vieitez__

Plaintiff

VS.

Name and Address of Party to be Served.

__Walmart INC.__

__via The Corporation Company (FL)__

__106 Colony Park Dr., Ste. 800-B__

__Cumming, GA 30040-2974__
79

__Performance Powersports Group, Inc., et al.__

Defendant

Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

I have this day served the defendant_____ personally with a copy

of the within action and summons.

I have this day served the defendant_____ by leaving a

copy of the action and summons at his most notorious place of abode in this County.

**NOTORIOUS**

Delivered same into hands of_____ described as follows:

age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of

defendant.

**CORPORATION**

Served the defendant __Walmart INC.__ a corporation

by leaving a copy of the within action and summons with __The Corporation Company (FL)__

in charge of the office and place of doing business of said Corporation in the County. __Dayron Jackson__

**TACK & MAIL**

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the

premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail,

First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed

thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

Diligent search made and defendant_____

not to be found in the jurisdiction of this court.

This __6th__ day of __July__, 20 __23__.

__J803__

Forsyth County Sheriff's Office                                    DEPUTY

SHERIFF DOCKET          PAGE                    WHITE-CLERK    CANARY-PLAINTIFF    PINK-DEFENDANT

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
7/10/2023 5:26 PM
GREG G. ALLEN
CLERK OF THE SUPERIOR COURTS
23CV-1032-2
JUDGE DICKINSON, DAVID L.

**EXHIBIT B**

# SHERIFF'S ENTRY OF SERVICE

SHERIFF'S ENTRY OF SERVICE

| | | |
|---|---|---|
| Superior Court ☑ | Magistrate Court ☐ | |
| State Court ☐ | Probate Court ☐ | |
| Juvenile Court ☐ | | |

Civil Action No. __23CV-1032-2__

Date Filed __06/28/2023__

Georgia, _____Forsyth_____ COUNTY

Attorney's Address
J. Bryant Oliver and
David W. Griffeth
220 College Ave., Ste. 606
Athens, GA 30601
jbryantoliverlaw@gmail.com
davidwgriffethlaw@gmail.com

Alicia Carnes-Vieitez

_____ Plaintiff

VS.

Name and Address of Party to be Served.

Wal-Mart Stores East, LP (Delaware)

via The Corporation Company (FL)

106 Colony Park Dr., Ste. 800-B

Cumming, GA 30040-2974
79

Performance Powersports Group, Inc., et al.

_____ Defendant

_____ Garnishee

SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant_____ personally with a copy
of the within action and summons.

I have this day served the defendant_____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

**NOTORIOUS** ☐ Delivered same into hands of_____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION** ☐ Served the defendant___Wal-Mart Stores East, LP (Delaware)___ a corporation
by leaving a copy of the within action and summons with ___The Corporation Company (FL)___   Dayvon Jackson
in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the
premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail,
First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed
thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant_____
not to be found in the jurisdiction of this court.

This __6th__ day of __July__, 20 __23__.

_____ Jr3
Forsyth County Sheriff's Office   DEPUTY

SHERIFF DOCKET        PAGE                    WHITE-CLERK   CANARY-PLAINTIFF   PINK-DEFENDANT

EXHIBIT B

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
7/10/2023 5:26 PM
GREG G. ALLEN
CLERK OF THE SUPERIOR COURTS
23CV-1032-2
JUDGE DICKINSON, DAVID L.

**SHERIFF'S ENTRY OF SERVICE**

SHERIFF'S ENTRY OF SERVICE

|  |  |  |
|---|---|---|
| | Superior Court ✔ | Magistrate Court ❑ |
| Civil Action No. __23CV-1032-2__ | State Court ❑ | Probate Court ❑ |
| | Juvenile Court ❑ | |
| Date Filed __06/28/2023__ | Georgia, ___Forsyth___ COUNTY | |

Attorney's Address

J. Bryant Oliver and
David W. Griffeth
220 College Ave., Ste. 606
Athens, GA 30601
jbryantoliverlaw@gmail.com
davidwgriffethlaw@gmail.com

___Alicia Carnes-Vieitez___

Plaintiff

VS.

Name and Address of Party to be Served.

Wal-Mart TRS, LLC

via The Corporation Company (FL)

106 Colony Park Dr., Ste. 800-B

Cumming, GA 30040-2974
79

___Performance Powersports Group, Inc., et al.___

Defendant

Garnishee

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL**

I have this day served the defendant_____ personally with a copy
of the within action and summons.

**NOTORIOUS**

I have this day served the defendant_____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of_____described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and_____ inches, domiciled at the residence of
defendant.

**CORPORATION**

Served the defendant_____Wal-Mart TRS, LLC_____a corporation
by leaving a copy of the within action and summons with ____The Corporation Company (FL)_____
in charge of the office and place of doing business of said Corporation in the County. _Dayron Jackson_

**TACK & MAIL**

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the
premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail,
First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed
thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

Diligent search made and defendant_____
not to be found in the jurisdiction of this court.

This_____6th____day of_____July_____, 20__23__.

_____   _2803_
Forsyth County Sheriff's Office          DEPUTY

SHERIFF DOCKET          PAGE          WHITE-CLERK     CANARY-PLAINTIFF     PINK-DEFENDANT

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
7/24/2023 3:49 PM
GREG G. ALLEN
CLERK OF THE SUPERIOR COURTS
23CV-1032-2
JUDGE DICKINSON, DAVID L.

EXHIBIT B

## IN THE SUPERIOR COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

ALECIA SHEA CARNES-VIEITEZ,

     Plaintiff,

v.

PERFORMANCE POWERSPORTS GROUP,
INC. f/k/a RICH GODFREY & ASSOCIATES,
INC. d/b/a COLEMAN POWERSPORTS,
CHONGQING HUANSON INDUSTRIES
(GROUP) CO., LTD., CHONGQING
HUANSONG SCIENCE AND TECHNOLOGY
INDUSTIRAL CO. LTD., HISUN MOTORS
CORP., USA, HISUN HOLDING GROUP
COMPANY, WAL-MART ASSOCIATES,
INC., WAL-MART STORES EAST, LP
(DELEWARE), WALMART INC., WAL-
MART TRS, LLC, and WALMART CLAIM
SERVICES, INC.

     Defendants.

CIVIL ACTION FILE NO.
23CV-1032-2

### SUGGESTION OF BANKRUPTCY AND NOTICE OF AUTOMATIC STAY

COMES NOW Defendant Performance Powersports Group, Inc. F/K/A Rich Godfrey &
Associates, Inc. D/B/A Coleman Powersports ("Defendant" or "Debtor"), one of the named
defendants herein, files this Suggestion of Bankruptcy and Notice of Automatic Stay in the above-
listed matter as follows:

1.     On January 16, 2023, a voluntary petition for bankruptcy was filed pursuant to 11
U.S.C. §§101-1532 in the United States Bankruptcy Court for the District of Delaware, under Case
No. 23-10048-LSS (the "Chapter 11 Case"), and the Chapter 11 Case included this Defendant as
a debtor.

1

2.      As a result of the commencement of the Chapter 11 Case, Defendant is entitled to a stay pursuant to 11 U.S.C. §362 of (i) commencement or continuation of a judicial, administrative or other action or proceeding against the Debtor that was or could have been commenced before the commencement of the Chapter 11 Case, or to recover a claim against the Debtor that arose before the commencement of the Chapter 11 Case; (ii) the enforcement, against the Debtor or against the property of their bankruptcy estates, of a judgment obtained before the commencement of the Chapter 11 Case; (iii) any act to obtain possession of property of the estate or of property from the estates or to exercise control over property of the Debtor's estate; and (iv) any act to create, perfect, or enforce a lien against property of the Debtor's estate.

3.      The stay set forth in 11 U.S.C. §362(a) became effective automatically upon the commencement of the Chapter 11 Case.  If any party violates the stay, the Debtor may seek to have such actions deemed void, move for sanctions in the Bankruptcy Court and recover actual damages, including costs and attorney's fees, arising from the violation of the stay.

Respectfully submitted on this 24th day of July, 2023.

COPELAND, STAIR, VALZ & LOVELL, LLP

By: *s/Mark Lefkow*
        MARK D. LEFKOW
        GA State Bar No.: 004289

By: *s/Justin M. Flinn*
        JUSTIN M. FLINN
        GA State Bar No.: 971359

191 Peachtree Street, NE
Ste. 3600
Atlanta, GA 30303
mlefkow@csvl.law
jflinn@csvl.law
Ph: 404-522-8220

***Attorneys for Defendant Performance Powersports Group, Inc. f/k/a Rich Godfrey & Associates, Inc. d/b/a Coleman Powersports***

EXHIBIT B

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I have this day served a copy of the foregoing document upon all parties to this matter via electronic filing and by utilizing the court's e-filing, which will automatically e-mail a copy to counsel of record as follows:

David W. Griffeth, Esq.
J. Bryan Oliver, Esq.
220 College Avenue
Suite 606
Athens, GA 30601
davidwgriffethlaw@gmail.com
jbryantoliverlaw@gmail.com
*Attorneys for Plaintiff*

Respectfully submitted, this 24th day of July, 2023.

COPELAND, STAIR, VALZ & LOVELL, LLP

By: *s/Mark Lefkow*
    MARK D. LEFKOW
    GA State Bar No.: 004289

By: *s/Justin M. Flinn*
    JUSTIN M. FLINN
    GA State Bar No.: 971359

191 Peachtree Street, NE
Ste. 3600
Atlanta, GA 30303
mlefkow@csvl.law
jflinn@csvl.law
Ph: 404-522-8220

*Attorneys for Defendant Performance Powersports Group, Inc. f/k/a Rich Godfrey & Associates, Inc. d/b/a Coleman Powersports*